Lipscomb, J.
The counsel for the appellant concede that if the statute ol limitations of the 5th February, A. D. 1841, embraces a case like this, it had interposed a bar to tiie action.' They contend, however, that it does not apply, because that the decree‘and the execution under which the slave was sold was a nullity; that at the time of the suit and the rendition of the judgment and decree the District Courts liad no jurisdiction of the matter; that it appertained exclusively to the Probate Court; that as the sale was void under which the defendant claimed title, the possession was not adverse ; and that the sale being a nullity, the slave when again taken possession of by the appellant was in his possession as administrator, and that lie could not, in law, be permitted to hold him in any other capacity. From the views we have taken of the statute of limitations it is not material to give any opinion on the character of the judgmentand decree tinder which the slave was sold. Admitting it to be, as contended for by tbe appellants, a nullity, we should nevertheless hold that the possession under which the slave was held was an adverse possession, and would bring tiie defendant’s claim within the protection of the statute. There is no exception in it as to the circumstances under which the possession was ac *189 quired. Tlie only essential ingredient is, that it is adverse to the title sued on. And i£ it is adverse, it would be defeating the intent of the statute to permit any inquiry into the legality of its origin. If that possession has been adverse for two years preceding tlie commencement of the suit it is a bar.
Note 67.—McDonald v. McGuire, 8 T., 361; Huntsman v. Jarvis, 17 T., 161. As to effect of fraudulent concealment see Munson v. Hallowell, 26 T., 475.
We cannot admit the correctness of the position assumed by the appellant’s counsel, that when the appellant again recovered possession of the slave it was in his character of administrator and not in his individual capacity. We know no principle of law that would force such change of tlie character of tlie possession in violation of the express agreement and intention of the parties. As the appellant received tlie possession of the slave from Young or ills agent, so' will he be bound to bold him. That lie received the slave as a pledge for his own individual right, there can be no doubt from the agreed facts of the case, and that he so held possession is manifest from his voluntarily delivering him to the defendant on the order of the agent of Young. The possession, then, of the appellant after the sale was not adverse to Young’s title, but directly tinder and by virtue of it. From tlie time Young obtained tlie possession under the sale, his possession was adverse to the claims of all others. The possession afterwards by the appellant was not an interruption of that possession but was a continuation thereof, because he held possession under his agreement with Young’s agent; and the time fixed by the statute as a bar to the suit had more than three times expired before the institution of the suit. .
There is another ground disclosed by the record that we believe equally valid with the one just discussed and disposed of in sustaining tlie judgment oE the court below in this case:. that is, that the facts agreed on by the parties would estop the plaintiff in the assertion of the claim sued on. The plaintiff was present at the sheriff's sale and consented to the same. He afterwards received tlie slave from tlie purchaser, in pledge as security for a debt the purchaser owed to him, and for seven years never made known that the purchaser’s title was questionable or would be ever contested; and he finally delivered up the slave to the defendant on the order of the purchaser, on Ills having sold the slave to the defendant. How, to permit him, after giving such credit to the title acquired by the sheriff’s sale, to sue an innocent purchaser for á, valuable consideration, and one to whom he himself had delivered the slave, would be alike repugnant to the principles of law and sound morality. It is no answer to say Chat tlie courts must protect the rights of those interested in tlie estates of deceased persons. This protection has been extended by requiring bond and security from those to whom the administration has been committed. To extend it to the prejudice of innocent persons, as we have been called upon to do in this case, would not be for the protection of the rights of tlie creditors and heirs, but it would be protecting an- administrator from the consequences of his own negligence. The doctrine of an estopped in pais was extensively discussed in this'court in a case decided at Austin. On the principles decided in that case we believe that the plaintiff, if there was no law of limitation, would he estopped by the facts in this case.
Judgment affirmed.
YVheeleb, J. Having been of counsel I did not sit.