## ADAM HUNTSMAN v. REZIA JARVIS.

Regular entries of continuances are not required in a Justice's Court.

Where the defendant fails to plead the Statute of limitations in a Justice's Court, a certiorari will not be sustained on the ground that the cause of action is barred.

See this case as to defence of Statute of Limitations where the property has been stolen.

Petition for certiorari dismissed on the ground that it showed no cause for a certiorari.

Error from Houston. Tried below before the Hon. John H. Reagan.

The petition for certiorari alleged that on the — day of ——— 1853, petitioner purchased at public sale of Jacob Gor-

man, administrator of Elijah Dooley, late of said county de-ceased, a certain horse, for which he paid the sum of $42,75, in good faith, and took possession of same ; that on or about the 13th of July, 1853, the said horse was taken out of peti-tioner's possession by a writ of sequestration in this case, &c.; that several continuances and mistrials were had, until Novem-ber, 1854, when judgment was rendered against petitioner for, &c.; that petitioner is the legal and rightful owner of said horse ; that said Jarvis has no just and legal claim thereto ; that the most flagrant injustice has been done petitioner in the premises, &c., &c.

The cause of action in the Justice's Court was set out as follows : That on the — day of November, 1850, plaintiff Jar-vis claimed and owned as his own property a certain sorrel mare, aged, &c., left hind foot white, &c., of the value, &c.; and that one Elijah Dooley fraudulently and deceitfully ob-tained possession of said mare, together with several others, without paying any consideration for the same, by promising said Jarvis that he would take said mare, together with others, to Navarro County, and there keep and pasture them for him, and said Jarvis was some time the next year to move to that section of country, or go after his horses, when said Dooley was to deliver them back to his possession, but said Dooley did not, after fraudulently and deceitfully obtaining said pro-perty, as aforesaid, take them to Navarro County, but intend-ing to steal said mare, with the others, without the knowledge of said Jarvis, to wit : on the — day of ———, 1851, took the same to Houston County and kept them concealed from the knowledge of said Jarvis, and afterwards, to wit : on the — day of ———, 1853, said sorrel mare, came to the posses-sion of the said defendant Huntsman, which said Jarvis now claims as his property, and prays, &c.

*Yoakum & Taylor*, for plaintiff in error. In regard to the merits of the case, Huntsman acted in good faith. He who

trusts most shall lose most. Huntsman trusted no one; and in addition had the Statute of two years adverse possession in his favor. Concealment, if true, did not apply to Huntsman; nor is it an exception in the Statute. (McDonald v. McGuire, 8 Tex. R. 361; Tinnin v. Mebane, 10 Id. 246; 7 Id. 281.)

A strong reason for a liberal course in favor of petitions for certiorari is, that such is almost the only method of correcting the errors of inferior Courts.

*G. F. Moore*, for defendant in error.

LIPSCOMB, J. This suit was brought into the District Court by a writ of certiorari; in which Court it was dismissed. On looking into the record we can find no sufficient ground for reversing the judgment of the Court, in so dismissing the suit.

There is no sufficient reason shown, why the plaintiff in the certiorari did not make all the defences which he alleges can be made to the suit, in the Justice's Court, nor was it shown that they were not made. The two grounds upon which the appellant seems to rely most, are the great irregularity and long pendency of the suit in the Justice's Court, without formal continuances, and the Statute of Limitations. As to the irregularity complained of, it furnished no ground for a new trial in the District Court. Strict forms of entry of continuances cannot be looked for in a Justice's Court; and the appellant went into trial at last, without showing that the means of making his defence had been impaired by the protracted delays; and it appears that they were caused as much by himself as by the other party.

The Statute of Limitations might have been interposed in the Justice's Court, but was not, by him; and the record does not show that it had constituted a bar to the proceedings against him, at the time of the commencement of the suit.

The record shows that the plaintiff below had been more than two years out of the possession of the horse, but it does

not show that it came into the possession of the appellant and those under whom he claimed, more than two years before the commencement of the suit ; and, from what appears, the Statute would not have availed him anything, if it had been set up in the Justice's Court. We are therefore of opinion that the judgment must be affirmed.

Judgment affirmed.