### E. W. F. Ransome et al. v. S. W. Bearden.

1. Limitation — Suit to set aside will. — The privilege of bringing suit to set aside a will, on the ground of fraud or forgery, at any time within two years after the discovery of such forgery or fraud, does not extend to a mere donee of an heir. Such donee is not a "person interested in the estate," as defined by the statute. (Paschal's Dig., arts. 5542, 5543, 5544.)

2. LIMITATION—EXCEPTIONS—PLEADING.—An heir bringing suit to set aside a will for forgery, after four years from its probate, the heir laboring under no disability of coverture, minority, &c., and alleging discovery of such forgery within two years before suit was brought, must specify acts of diligence on his part, or acts of fraud by defendant in the concealment of the facts; and the pleadings must show that it was not the fault or negligence of plaintiff that the discovery was not sooner made.

3. SAME.—The statute (Paschal's Dig., art. 5543) does not excuse suit when, by use of reasonable diligence, the facts constituting the fraud, &c., could have been discovered.

4. SAME—PLEADING.—The petition must set out the facts relied on to show that, by use of ordinary diligence, the fraud, &c., could not have been discovered; so that the court may determine whether they justify and support such conclusion. The mere allegation that the facts could not have been discovered, &c., is insufficient.

5. PLEADING.—See allegations held insufficient to excuse suit by an heir, brought after four years from the probate of a will, to set it aside, on the ground of having discovered the forgery of the will within two years before suit was brought.

6. PLEADING—CONTRADICTORY AVERMENTS.—Where, by amendment, averments are made contradicting those of the original pleading of the party, the amendment should correct the allegations so changed so as to present to the court distinctly the extent of such amendment.

APPEAL from Wood. Tried below before the Hon. M. H. Bonner.

The case is fully shown in the opinion.

*A. P. Shurford* and *L. Z. Wright,* for appellants.

I. The record shows that the court dismissed as to E. W. F. Ransome, because he was not such an interested party at the date of the probate of the will of Jackson, deceased, as, in contemplation of the statute, is entitled to institute this suit, he being a mere donee without value. Mrs. Susan A. Ransome, the only surviving heir of Jeremiah Jackson, certainly had the right to sell for money, or give for love and affection, all the interest which she had in the personal property belonging to her as heir at law. Then if, as such heir, she had the right to sell, certainly the purchaser had the right

to sue for and recover the same.    The said E. W. F. Ransome showed, by amendment, that, as to the real estate, he was only acting as the agent of Susan A. Ransome, who, by the same amendment, became a party to the suit.    (Price *v.* Wiley, 19 Tex., 142;  Hopkins *v.* Wright, 17 Tex., 30.)

II. As to the fraudulent acts of Bearden, we think the allegations in the original and amended petitions are full and complete, and wholly sufficient to stop the running of the statute of limitations.    (Paschal's Dig., arts. 1261, 1262.) The acts of Bearden, in taking out letters of administration on the estate of Jackson, selling all the personal property to said estate, as of record manifest, without ever notifying the heirs that Jackson was dead; his afterwards pretending to find a will bequeathing to him (Bearden) all the property, both real and personal, belonging to the estate, which pretended will, as shown by record, was admitted to probate on the very day it was filed in the Probate Court, without notice to any one; his subsequent visit to Georgia to see Mrs. Ransome, in order that he might deceive her and prevent an investigation;—those facts, all of which we allege in amended petitions, are enough to exhibit the frauds perpetrated by said Bearden throughout the whole transaction. We also allege that Bearden was the only person in Eastern Texas who was acquainted with Mrs. Ransome, or who was acquainted or had any knowledge of the fact that she was the heir at law of Jackson; still, after the death of Jackson, Bearden did not, by writing or otherwise, inform Mrs. Ransome of the death of her brother until after the probate of the pretended will.    He then went to Georgia in person to see Mrs. Ransome, and there made a false statement to her in regard to the disposition Jackson had made of his property, thereby deceiving her, an ignorant and illiterate woman, and throwing her off her guard.    We think, therefore, that the fraudulent acts of Bearden stop the running of the statute of limitations up to the time of the discovery by plaintiffs of the true facts of the case.

III. The third and last assignment of error is, that the court erred in refusing to construe the will. If the pretended will vests any title to the property in Bearden, it certainly can be no more than a life estate. Then the court should have construed the will, and after the death of Bearden vested the estate in the heirs at law of Jeremiah Jackson.

*W. S. Herndon* and *W. M. Giles*, for appellee.

I. The first proposition we call the attention of the court to is, that the appellant was not an heir at law of the testator Jackson, nor interested in the estate at the date of the probating of the will, and, therefore, is not entitled to the favor of four years after discovery of forgery or fraud within which to begin suit to annul the will and vacate the order admitting it to probate. The appellant, it will be seen, is a mere vendee or donee, and the favor allowed to those interested as heirs, &c., cannot avail him. The heirs, or their vendee or donee, may have had full notice, and, in fact, did in this case, and have passed the interest by sale or gift to appellant, to enable appellant to file his suit under a late discovery of fraud or forgery. The statute seems intended, by the language used, to prevent such a suit. The statute of 1848 (1 Paschal's Dig., art. 1262) gave a limit of four years from date of discovery, and by the act of May 23, 1871, (Sayles' Probate Laws, pp. 64, 65, secs. 81, 82,) the term was limited to two years from date of discovery. If this view be correct, then the appellant was barred many years before suit, as the will was probated in April, 1866, and the suit was commenced in 1875, and the amendment setting up this cause filed in 1876.

II. The judgment rendered by the Probate Court, when a will is admitted to record and probate, cannot be attacked collaterally. (Ingram *v.* Ingram, Dallam, 519; Jarman on Wills, 212, 213, 2d Am. ed.; 1 Greenl. on Ev., secs. 189–194; Box *v.* Lawrence, 14 Tex., 555, 556.) It is conclusive of the rights of the parties until reversed or set aside.

(Brown *v.* Gibson, 1 Nott & McC., 326; Lucas *v.* Bank of Darien, 2 Stewart, 280; Dufour *v.* Camfrancq, 11 M., 607; 10 Tex., 83; 21 Tex., 572.)

III. But if the appellant was entitled, under the law, notwithstanding ten years elapsed before filing suit, by virtue of his discovery, just prior to institution of his suit, of the forgery or fraud by and between appellee and the probate judge in admitting the will to probate and record,—that is, if he held such an interest, by purchase or otherwise,—still he could not in this suit recover upon the pleadings, and the knowledge disclosed by himself in these pleadings. They clearly show that the will was openly admitted to probate and record, in the proper court, in 1866, and, in less than a year, that appellant's vendee or donee was informed of the fact by appellee, and how the bequests were made in the will, and nothing was concealed, or pretended to be concealed; but, on the contrary, all was openly done that was done, and made a public record, and the facts communicated to the then heirs and interested parties. So there could be no excuse for want of knowledge in the then interested parties, or in the appellant, to enable them or him to file their or his suit. To prevent the statute running, there must have been fraud, and that concealed in such manner from appellant or those entitled to sue that they could not ascertain sufficient data or information to enable them to bring their action; and this concealment must have been made or procured by appellee; otherwise the statute continues to run. We insist that in this case the statute never ceased to run against those interested in the estate of Jackson, the testator. (Bailey *v.* Glover, 21 Wall., 347–350, and cases cited in foot-notes; Id., Broderick's Will, 509, *et seq.*)

Appellant must have used reasonable diligence to discover the true condition of his interest, and his laches or negligence in endeavoring to find the facts concealed, or supposed to be concealed, from him, will be fatal to his case. (Munson *v.*

Hollowell, 26 Tex., 481; 20 Johns., 32; 5 Wend., 29; 18 Wend., 202; Mills *v.* Berry, 1 Hill.)

The question, whether fraud will stop the statute, was for a long time an open question in this State; (18 Tex., 782; 16 Tex., 29; 24 Tex., 352; 8 Tex., 371;) but the rule is laid down in 26 Texas, 479, *et seq.*

Gould, Associate Justice. — The questions involved in this case grow out of the rulings of the court in sustaining exceptions to a petition attacking the will of Jeremiah Jackson, probated on the 30th of April, 1866, in the County Court of Wood county, as a forgery. The original petition was filed January 13, 1875, by E. W. F. Ransome, for himself and as agent for sundry other persons named, heirs of said Jackson. On March 1, 1876, these other parties withdrew from the suit. Susan A. Ransome, of Harris county, Georgia, alleged to be the sister and sole heir of deceased, became a plaintiff, and the suit proceeded in the name of E. W. F. Ransome and said Susan A. Ransome. There were exceptions, general and special, to the amended petition; the second exceptions embracing, among other matters, the defense of limitation, and that the petition did not show what particular fraudulent acts they had lately discovered. The court sustained the exceptions, and plaintiffs again amended. As finally amended, the petition disclosed that E. W. F. Ransome was the son of Susan A. Ransome, and that his sole interest in the estate was by transfer from his mother of all her right to the personal property of the estate. It charged that Jackson died in 1865; that the defendant Bearden was appointed administrator of his estate, and afterwards, in April, 1866, he presented to the County Court, and caused to be probated, a forged will, knowing that it was not written or signed by Jackson, but was forged, and under which he, claiming as devisee, had proceeded to dispose of the estate; that soon after the probate of said will it was, by some person, taken from the county clerk's office of Wood county or destroyed, and that

plaintiffs neither did discover, nor could they by reasonable diligence have discovered, the forgery, until within two months before suit brought; that plaintiff Susan is a very ignorant woman, unable either to read or write, and with no acquaintance in Wood county, except the defendant; that several months after the probate of the will defendant visited the residence of said Susan A. Ransome, in the State of Georgia, and informed plaintiffs that the said Jackson was dead, and that he bequeathed a portion of his property to some freedmen, formerly his slaves, and the balance to him, the said Bearden; that said plaintiffs were well acquainted with defendant, and had been many years prior to the death of said Jackson, and, knowing the affection said Jackson had for his former slaves, plaintiffs believed said information given them by said Bearden in regard to the disposition of said estate by said Jackson, which information was false, and caused them for some time to neglect the investigation of the facts in regard to the will and probate of same. The petitioners allege repeatedly that they used due diligence in investigating the facts; that they used all the diligence that an intelligent and prudent man could use in investigating the acts of said Bearden in the making and probate of said will, but were not able to discover that said will was spurious and forged until within two months before suit brought; but nowhere do they state what acts of diligence were exercised, or what particular facts were discovered, leading them to a knowledge of the forgery.

The petition as amended was again excepted to specially, thus: "That there is no sufficient ground averred for want of knowledge by S. A. Ransome, the heir at law, of the right of action of plaintiff against defendant, in the use of any diligence to ascertain her rights, or a knowledge of the facts necessary to enable her to file her suit against defendant." The exceptions further objected to the right of E. W. F. Ransome to sue, and objected to the amended petition as contradictory of plaintiff's former pleadings. The court sustained the exceptions "for the following, among other, reasons":

"Because one of the plaintiffs, E. W. F. Ransome, is not shown to have been such an interested party, at the date of the probate of the alleged will, as, in the contemplation of the statute, is entitled to institute this suit; he being a mere donee without value, and it being contrary to the policy of the law that he should have the right to set aside the judgment of the Probate Court, probating the will, for the want of knowledge on his part of the alleged fraud, when the same might have been known to the parties really interested in the estate at the date of the probate; because, by reason of the above, there was a misjoinder of the parties; and because there were no sufficient allegations, both of fraud upon the part of the defendant and also of concealment of the same, sufficient to prevent the running of the statute of limitations in such cases made and provided." "Whereupon the plaintiff failed to ask leave to amend, and the cause was dismissed."

The statute in force at the time this suit was brought, as well as the former statute, allows any person interested in a will to contest its validity by commencing suit within four years after its probate. (2 Paschal's Dig., art. 5542; 1 Paschal's Dig., art. 1262.) Sections 5543 and 5544 are as follows: "In addition to the suit allowed by the preceding section, a suit may be commenced by an heir, or legatee, or devisee under a former will, or other person interested in the estate, to set aside a will on the ground of forgery or fraud, at any time within two years after the discovery of such forgery or fraud." Section 5544: "Infants, persons of unsound mind, married women, and persons imprisoned under the sentence of a court for a term of years less than life, and the representative of such persons, shall have seven years within which to commence either of the suits mentioned in the two preceding sections, after the removal of their respective disabilities, or after the death of the person dying under such disability."

Our opinion is, that the court did not err in deciding that

E. W. F. Ransome was not a "person interested in the estate" so as to be entitled to bring suit to contest the validity of the will within two years after the discovery of the forgery. He was only interested through a transfer from his mother of a part of her interest. The statute makes no mention of assignees, donees, or purchasers from heirs, and by this silence, as well as by the use of the expression "representative of such person," seems to exclude them. The very liberal provisions which it makes in favor of the heirs, &c., were not, we think, designed to extend to a mere donee of an heir. As E. W. F. Ransome showed no right to sue, the case was rightly dismissed as to him.

But Susan A. Ransome sued as heir, and she brought her suit, as she alleges, in the language of the statute, within two years after the discovery that the will was forged.

We are inclined to the opinion that the statute giving a fixed time, after the discovery of the forgery or fraud, within which the heir may sue to set aside the will, must not be construed as allowing the heir this additional time if only by his own fault and by the failure to use ordinary diligence he has remained in ignorance of the forgery. In California, (and there are similar statutes in other States,) the period of limitation to actions for relief on the ground of fraud is three years; but it is provided that the cause of action, in such case, is not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. (See case of Broderick's Will, 21 Wall., 504; Boyd v. Blankman, 29 Cal., 44.) Justice Bradley, in delivering the opinion of the court, says of this proviso: "But that is only the application to cases at law of a principle which has always been acted on in courts of equity. If fraud is kept concealed, so as not to come to the knowledge of the party injured, those courts will not charge him with laches or negligence in the vindication of his rights until after he has discovered the facts constituting the fraud." In this State, our courts have, in the absence of any express provision in the law, recog-

nized this implied exception to the statute of limitations, but have not extended it to cases where, by the use of reasonable diligence, the fraud might have been discovered. (Bremond *v.* McLean, 45 Tex., 18; Munson *v.* Hallowell, 26 Tex., 475; Smith *v.* Fly, 24 Tex., 345; Smith *v.* Talbot, 18 Tex., 774.)

The cases already cited from the courts of the United States and California seem sufficiently analogous to authorize us in concluding that the statute was only designed to secure to heirs and others interested the same rights, in cases of forged or fraudulent wills having been admitted to probate, which, on established principles, they would have in other cases of fraud. In order to make out this implied but now established exception to the statutes of limitation, this court has said that the mere allegation that the plaintiff could not by reasonable diligence have discovered, &c., will not relieve him from the bar of the statute; " but he must state the facts on which he relies, that the court may see whether they justify and support such a conclusion." (Bremond *v.* McLean, 45 Tex., 19.)

In the case before us the plaintiff's pleadings nowhere stated what facts came to her knowledge leading her to the discovery that the will was forged. The allegations were not such as to enable the defendant to anticipate the facts on which plaintiff relied, and he could not prepare to rebut or disprove them. The construction which we have given the statute would require the application to this case of the rule of pleading laid down in Bremond *v.* McLean, and would lead to the conclusion that the plaintiff's petition was defective. This defect had been specially pointed out in the first exceptions, and might well be regarded as embraced in the exceptions on which the case was disposed of, which embrace as one of the specifications " that there is no sufficient ground averred for want of knowledge."

Another objection taken to the petition as amended was, that it was contradictory to the original and amended petition. This objection is certainly well taken. In the original

petition it was alleged that Bearden seized and destroyed Jackson's will, and afterwards probated an alleged copy; when afterwards different statements are made. There are no corrections asked, but the court is left to infer how far the last supersedes those preceding it. The pleadings of plaintiff are otherwise irregular. The amended petition, seeking to make Mrs. Ransome a party, is filed in the name of E. W. F. Ransome, "who sues for himself and as agent and attorney in fact for Susan A. Ransome."

These irregularities and inconsistencies, however, do not seem to have been the ground on which the exceptions were sustained. The court held that the plaintiff's allegations were insufficient to extend her right to sue because of her recent discovery of the forgery. We have, though not without considerable hesitation, concluded that, notwithstanding the fact that the plaintiff complied with the letter of the statute, she failed to make out her case sufficiently according to its true meaning. The judgment is affirmed.

AFFIRMED.

[Justice BONNER did not sit in this case.]