## W. E. LUTER v. E. J. HUTCHINSON.

Decided November 26, 1902.

**1.—Limitations—Personal Property—Fraud—Equity.**

Although our statute requiring actions for personal property to be brought within two years contains no provision relieving against fraud if proceedings are brought within a reasonable time after its discovery, yet the courts will relieve against fraud upon equitable grounds where proper diligence has been used to discover the fraud. Rev. Stats., art. 3354.

**2.—Same—Pleading—Diligence.**

In such case the party seeking to avoid the statute must plead fully the facts bringing him within the exception, showing the means of concealment used by the adverse party, his own diligence in discovering the fraud, and that it could not reasonably have been discovered earlier, and his proof must correspond with such allegations.

**3.—Same—Good Faith—Connecting Possession.**

Where one has had possession of personal property for two years, his own

good faith will be the test, but where he relies upon the possession of a vendor to support his title, then the bona fides of such vendor, as well as his own, must be shown.

**4.—Same—Possession of Thief as Fraud.**

As long as a stolen horse is in the possession of the thief the statute does not begin to run, but as soon as the animal passes into the hands of an innocent purchaser who openly uses it, the statute is put in motion.

**5.—Same—Fact Case—Diligence Wanting.**

See facts under which it is held that the owner of a stolen horse was not entitled to recover it from an innocent purchaser after two years because of want of diligence.

Appeal from the County Court of Bexar County. Tried below before Hon. R. B. Green.

*Earl Scott,* for appellant.

*Chas. H. Bertrand,* for appellee.

FLY, Associate Justice.—This suit was instituted by appellee, and is a contest over the title to a certain mare in the possession of appellant. The cause was tried by jury and resulted in a verdict and judgment for appellee.

Appellant claimed title to the animal by purchase from J. P. Van Aiken, and interposed the plea of limitation of two years. To meet the plea of limitation appellee filed the following plea: "Plaintiff denies all and singular the allegations in defendant's second amended original answer, and says in answer thereto that the statute of limitation of two years set up by defendant can not avail him for this: the defendant and those under whom he claims are not good faith purchasers for value, the property sued on was stolen from plaintiff, and they knew it when they purchased, and they fraudulently concealed said animal, and did not make use of her in the open and notorious manner which would give them the right to claim notorious, exclusive, and adverse possession." It will be noted that there are no allegations as to the means of concealment used by appellant and his vendors, nor is it alleged that appellee could not, by the use of reasonable diligence, have discovered his cause of action before he instituted it, nor are the facts showing diligence in the discovery of the fraud set out.

The statute provides that actions for the conversion of personal property shall be barred in two years, and there is no statutory provision in Texas relieving against fraud if proceedings are brought within a reasonable time after its discovery. In many of the States such cases are provided for by statute, and in others the rule of suspending the statute on account of fraud has been ingrafted upon the statute through judicial interpretation. In Texas, law and equity being blended, the rule made by the courts may be justified on the ground, not that it is within the power of courts to ingraft such an exception on the statute, but that independently of the statute courts of equity will relieve

against fraud where proper diligence has been used in discovering it and suit instituted in a reasonable time after such discovery. Munson v. Hallowell, 26 Texas, 475.

Whether the exception is one arising from a provision of the law, judicial interpretation, or by the rules of equity, it is always the rule that in order to obtain the benefits of its provisions the facts must be fully stated that bring the party seeking to avoid the statute within the terms of the exception. Bremond v. McLean, 45 Texas, 10; Ransome v. Bearden, 50 Texas, 128; Kuhlman v. Naker, 50 Texas, 636; Alston v. Richardson, 51 Texas, 6; Kennedy v. Baker, 59 Texas, 150; Cooper v. Lee, 75 Texas, 114.

If a party has held possession of personal property a sufficient length of time to perfect a title by limitations, his good faith alone will be the test; but if he relies upon the possession of a vendor to support his title, then the bona fides of such vendor, as well as his own, must appear from the facts. Under the facts in this case if appellant in good faith purchased the mare from Van Aiken, who was the purchaser from some one else in good faith, their bona fides coupled with the open use of the animal for two years perfected the title to the animal in appellant, regardless of how the property may have been acquired from appellee. The uncontroverted proof showed good faith on the part of appellant and Van Aiken, and the fact that Joseph Rohmer, a remote vendor, may have fraudulently acquired possession of the mare, can in no manner affect the title held by appellant.

We fail to discover a single circumstance tending to establish any knowledge upon the part of Van Aiken or appellant of any defect in the title to the mare, or that showed any desire or attempt upon the part of either to conceal his possession of the animal. Each of them testified that he had not only used the mare openly in the city of San Antonio, but time and again in the very presence of appellee. This use of the animal had continued for more than two years before the institution of this suit. That appellant was cognizant of the fact that Van Aiken had the mare is apparent from the fact that he made an effort to purchase her from him. Not only the facts show a bona fide open possession of the mare for more than two years, upon the part of appellant and his immediate vendee, but it discloses an utter lack of diligence on the part of appellee to discover the animal. With the least amount of diligence or circumspection, it would seem that an owner would recognize an animal belonging to him which was used for years all about him.

As long as the mare was in the possession of a person who had stolen her, if she was stolen, or in the possession of one who was charged with knowledge of the theft, the statute would not begin to run, but the moment she passed into the hands of an innocent purchaser who openly used her, the statute was put in motion and could only be stopped by the institution of a suit. It follows that the rule invoked from Wood on Limitations, by appellee, as to the statute not beginning to run as

to stolen property until demand is made for the possession, can have no application. If it be true that in the eyes of the law the possession of property by a thief is the possession of the owner, the possession is interrupted the moment the property passes into the possession of an innocent purchaser.

We conclude that the verdict is not supported by the facts, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

The language of article 3354 is broad enough to cover every detention or conversion of personal property, and it has been held by the Supreme Court of Texas that "there is no exception in it, as to the circumstances under which the possession was acquired. The only essential ingredient is that it is adverse to the title sued on. And if it is adverse, it would be defeating the intent of the statute, to permit an inquiry into the legality of its origin. If that possession has been adverse for two years preceding the commencement of the suit, it is a bar." Thomas v. Greer, 6 Texas, 372; McDonald v. McGuire, 8 Texas, 361; Winburn v. Cochran, 9 Texas, 123. We have not gone to that extent in the opinion in this case.

In the case of Munson v. Hallowell, 26 Texas, 475, the principles of law applicable to cases of this character are thoroughly discussed and the opinion of this court fully sustained. See also Huntsman v. Jarvin, 17 Texas, 161.

In the case of Hull v. Davidson, 6 Texas Civil Appeals, 588, it was said: "The charge of the court, as we read it, was so framed as to instruct the jury, in effect, that if the mare in the first instance was stolen, the defendant's plea of limitation, or his title dependent thereon, was tainted, though he and his vendors had held the animal in good faith for a period of more than two years before the bringing of the suit. This instruction we hold to be erroneous."

It follows, if the mare was stolen, that the absence of guilty knowledge on the part of appellant and his vendor made them purchasers in good faith, and if they knew nothing of the theft there could have been no fraudulent concealment of plaintiff's cause of action by either of them. And in fact there was no concealment, but the animal was used openly under the very eyes of appellant without any attempt to disguise her in any manner.

The motion is overruled.

*Overruled.*