### DICKSON et al. v. DICKSON et al.
### (No. 897–4693.)

Commission of Appeals of Texas, Section B.
May 2, 1928.

**1. Wills ⬅➡229—Right of action to contest will is assignable and is subject of conveyance (Rev. St. 1925, art. 5534).**

Under Rev. St. 1925, art. 5534, the right of action to contest a will is assignable and is the subject of conveyance.

**2. Wills ⬅➡229—"Person interested" within statute permitting will contests means one having interest in deceased's estate within four years after probate of will (Rev. St. 1925, art. 5534).**

Within the meaning of Rev. St. 1925, art. 5534, relative to contesting wills, a "person interested" means any one who has an interest in the subject-matter of the proceeding, which is the estate of the deceased, at any time within the four years within which a suit to contest the will can be instituted.

**3. Wills ⬅➡229—Assignees, grantees, and donees of heir have such interest in testator's will as enables them to contest validity (Rev. St. 1925, art. 5534).**

Under Rev. St. 1925, art. 5534, relative to the contest of wills, assignees, grantees, and donees of an heir have, in view of Rev. St. 1925, arts. 3314, 3315, 3326, 3339, 3351, and 5536, such an interest in the will of testator as will enable them to contest its validity.

**4. Descent and distribution ⬅➡84—Heir's assignment, grant, or gift of interest in estate carries with it the remedy to obtain rights (Rev. St. 1925, art. 5534).**

The assignment, grant, or gift by an heir of his rights in an estate carries with it, under Rev. St. 1925, art. 5534, the remedy provided for obtaining rights.

**5. Wills ⬅➡229—Right to contest will within given time is given exclusively by statute (Rev. St. 1925, art. 5534).**

The right to contest a will within a given time is a right given exclusively by statutory enactment, being provided for by Rev. St. 1925, art. 5534.

**6. Wills ⬅➡229—Father's devising to wife all property rights cut off children's right to contest will of father's predeceased sister (Rev. St. 1925, art. 5534).**

Where father devised all property rights to his wife, such devise, on father's death, cut off rights of father's children to contest the will of father's deceased sister, under Rev. St. 1925, art. 5534, which right existed at the time of the father's death, since all such rights passed to wife by terms of father's will.

**7. Wills ⬅➡229—Wife being sole devisee of husband could contest will of husband's sister within statutory time, where husband had such right at time of death (Rev. St. 1925, art. 5534).**

Where, at time of husband's death, the four years within which he was permitted to contest the will of his deceased sister had not elapsed, and such husband devised to his wife all of his property interests, *held* that such right to contest the will under Rev. St. 1925, art. 5534, passed to wife, so as to give her a right to bring such contest within statutory time.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by Mrs. H. H. Dickson and others against John F. Dickson and others to set aside an order probating the will of Sarah Belle Dickson, deceased. A judgment of the district court dismissing the suit was reversed and remanded by the Court of Civil Appeals (286 S. W. 295), and defendants bring error. Judgments of the District Court and Court of Civil Appeals reversed and rendered in part and remanded in part.

Fouts, Amerman, Patterson & Moore, Jones, Roberts, Sears & Monteith, and Hunt & Teagle, all of Houston, for plaintiffs in error.

H. V. Fisher, of Alpine, and B. F. Louis, of Houston, for defendants in error.

SHORT, P. J. This suit was instituted by defendants in error, Mrs. Henry H. Dickson, individually and as next friend for her minor children, Henry H. Dickson, Jr., Louise Dickson, and Mary Allen Fisher Dickson, to set aside the judgment probating the will of Sarah Belle Dickson. In their amended petition upon which the cause was presented they alleged that Sarah Belle Dickson died in February, 1920, leaving as her only heirs at law two brothers, John F. and Henry H. Dickson; that prior to her death she made a will in which she devised the greater portion of her property, valued at more than $100,000, to her brother John F. Dickson and his wife, making only minor bequests to Henry H. Dickson and his children, the minor defendants in error; that on June 14, 1920, this will was admitted to probate without opposition; that in May, 1924, Henry H. Dickson died, leaving as his only heirs at law his wife and minor children, defendants in error herein; that he also left a will, in which he devised all of his property to his wife, the said Mrs. Henry H. Dickson. At the time of his death Henry H. Dickson had filed no suit to set aside the probate of Sarah Belle Dickson's will, and this suit was instituted within four years after the date her will was admitted to probate.

Plaintiffs in error answered by plea in abatement, general demurrer, special exceptions, general denial, and special pleas. They sought to have the cause abated on the following grounds, to wit:

"1. Because said purported amended petition shows upon its face that the cause of action, if any there was, abated with the death of Henry H. Dickson, deceased, through whom plaintiffs claim; (2) and because of a misjoinder of parties plaintiff in this: That said amended petition

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

shows upon its face that any and all right, title, and interest belonging to the estate of Henry H. Dickson, deceased, has been devised by a will, validly probated to the plaintiff Mrs. H. H. Dickson, and if the right to contest the will of Sarah Belle Dickson is devisable, which is not admitted but here denied, such right passed to Mrs. H. H. Dickson, and said pleading affirmatively shows that the minor plaintiffs, H. H. Dickson, Jr., Louise Dickson, and Mary Allen Fisher Dickson, are improperly joined and have no interest upon which to base a contest in this suit."

On the plea in abatement and general demurrer the court made and entered the following judgment:

" * * * The court sustains the defendants' plea in abatement contained in paragraph 2 of said plea, as to the misjoinder and lack of interest of the minor plaintiffs, H. H. Dickson, Jr., Louise Dickson, and Mary Allen Fisher Dickson. It is therefore ordered, adjudged, and decreed that they be, and they are hereby, 'dismissed out of the suit and the same is as to them abated. And the court being of the opinion that Henry H. Dickson's cause of action did not survive his death and that the plea in abatement addressed thereto and the general demurrer of defendants are both well taken, both the same are sustained, and plaintiffs announcing in open court that they declined to amend, it is therefore considered by the court, and so ordered, adjudged, and decreed, that said cause be dismissed and plaintiffs take nothing, and that the defendant go hence without delay and recover their costs in this behalf expended, for all of which let execution issue."

The Court of Civil Appeals reversed this judgment and remanded the cause for trial on its merits, holding that "the trial court erred in holding that the appellants [defendants in error] were not entitled to file this contest." 286 S. W. 295.

It is provided by article 3314, Revised Civil Statutes 1925, that "when a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees," subject to the payment of debts except such as may be exempted by law, and that "whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law," subject, of course, to the payment of debts out of the nonexempt estate of the deceased."

It is further provided by article 3315 of the same statutes that:

"Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file' opposition thereto in writing."

Article 3326 of the same statutes provides that:

"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid."

5 S.W.(2d)—47½

Article 3339 of the same statutes. provides that:

"Applications for the probate of a will may be made by the testamentary executor, or by any person interested in the estate of the testator."

Article 3351 provides that:

"Upon the hearing of an application for the probate of a will, if the court be satisfied from the evidence that such will should be admitted to probate, an order to that effect shall be entered upon the minutes; and such will, together with the application for probate thereof, and all the' testimony in the case, shall be recorded in the minutes."

These articles of the statute are a part of title 54, under the head of "Estates of Decedents," of the Revised Statutes.

Under title 91 of the Revised Statutes, which is the title referring to limitations of action, we find it provided by article 5534 that:

"Any person interested in any will which shall have been probated under the laws of this state may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, and not afterward."

Article 5536 also provides that:

"Any heir at law of the testator, or other person interested in his estate, may institute suit in the proper court to cancel a will for forgery or other fraud within four years after the discovery of such forgery or fraud, and not afterward."

The article last mentioned was article 5700 in the previous revision of the statutes, and the word "any" before the words "other person" appeared in the previous article.

The law as stated in articles 5534 and 5536, with slight variations in the language, has been in existence since 1860. After quoting article 5534 under a different number, however, we find the law as stated in Paschal's Digest, which is now article 5536, to read as follows:

"In addition to the suit allowed by the preceding section (which is substantially the same as Article 5534), a suit may be commenced by an heir, or legatee, or devisee, under a former will, or other person interested in the estate, to set aside a will on the ground of forgery or fraud, at any time within two years after the discovery of such forgery or fraud."

This language would clearly indicate that the Legislature intended this article to cover a different state of facts from that covered by the preceding article which gave any person interested in any will the right to institute suit to contest the validity thereof within four years after such will had been admitted to probate. The present suit, if authorized, is only authorized by the provisions of article 5534, and we have only adverted to article

5536 to show that the two articles were not intended by the Legislature to cover the same state of facts, but, upon the contrary, had reference to a different situation.

The real question before us in the case under discussion is whether the defendant in error, the wife of Henry H. Dickson, deceased, and his only legatee under his will, occupies under the admitted facts the position with reference to the property of the estate of Sarah Belle Dickson, deceased, as a "person interested" in the will of Sarah Belle Dickson. If that question should be answered in the affirmative the trial court committed error in sustaining the plea in abatement and dismissing the contest, and the action of the Court of Civil Appeals in reversing the judgment of the trial court as to the widow of Henry H. Dickson, deceased, must be sustained.

The language in article 3315, "Any person interested in an estate may, at any time before any character of proceeding is decided upon by the court, file opposition thereto in writing," and the language in article 5534, "Any person interested in any will which shall have been probated under the laws of this state may institute suit in the proper court to contest the validity thereof, within four years after such will shall have been admitted to probate, and not afterward," evidently refer to the same subject-matter, and this subject-matter is the property belonging to the deceased testator or intestate, and which either passed to his or her heirs at law in the absence of a lawful will or to his or her devisees or legatees as provided in the instrument asserted to be the last will of the deceased person at the moment of the death of such person. Under the facts in this case the property belonging to the estate of Mary Belle Dickson, in the absence of any lawful will, was inherited in equal portions by her two brothers, one of whom was Henry H. Dickson, and the widow of Henry H. Dickson, being his sole devisee, acquired whatever property rights which were assignable possessed by the said Henry H. Dickson at his death. So the question presents itself whether the right of Henry H. Dickson as a person interested in the will of his sister to institute suit to contest the validity thereof passed by the terms of his will to his wife, or whether it died with him. Upon this point there is quite a conflict of authority. We find in the text of Cyc. the following:

"Assignees, grantees and donees of an heir have no such interest in the will of the testator as will enable them to contest its validity. Nor is the right of action itself assignable or the subject of conveyance." 40 Cyc. 1243.

In support of the text among other authorities the case of Ransome v. Bearden, 50 Tex. 119. is cited. Again, the text from the same authority is as follows:

"Under the statutes generally an action to contest a will can be brought only by a 'person interested' at the time the will was admitted to probate"—citing Selden v. Illinois Trust Co., 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180; Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, 72 Am. St. Rep. 211; McDonald v. White, 130 Ill. 493, 22 N. E. 599, in support of the text.

[1, 2] We are, however, not in accord with these quotations, believing that the better reasoning, as well as the weight of authority, supports the contrary idea to the effect that this right of action is assignable and is the subject of conveyance, and that a "person interested" means any one who has an interest in the subject-matter of the proceeding, which is the estate of the deceased, at any time within the four years within which a suit to contest the will can be instituted. In the case of Ransome v. Bearden, supra, the court did not have under consideration the law as stated in article 5534, but did have under consideration the law as stated in article 5536, which articles have remained in substance upon the statute books for many years, and, as heretofore said, evidently were intended by the Legislature to cover different situations and to meet different emergencies.

[3] While the case of Ransome v. Bearden is not mentioned in the opinion, we think the opinion of the Commission of Appeals, Section A, by Presiding Judge Gallagher, in Abrams v. Ross Estate, 250 S. W. 1019, correctly determines the question under discussion and is the latest and therefore the most authoritative expression of opinion by the Supreme Court as to the construction of article 5534. In that case the principle is upheld that the assignees and grantees of an heir have such interest in the will of the testator as will enable them to contest its validity. The opinion of the Court of Civil Appeals discusses this case at considerable length, and we refer to that part of the opinion for a full statement, not only of the pleading of the parties but of the facts of the case. The conclusions in principle reached by the court in the Abrams Case are supported by several cases in other states where the statutes on the subject are similar to ours, all holding that assignees, grantees, and donees of an heir have such interest in the will of the testator as will enable them to contest its validity, and that the right of action itself is assignable and the subject of conveyance. Among these cases is that of Ingersoll v. Gourley, wherein the Supreme Court of the state of Washington holds that the test of the survivorship of a cause of action is its assignability, and, conversely, the test of assignability is survivorship, and, further, that "any person interested in any will who may contest its validity within a given time" means any person who but for the will would have an interest in the estate. 72 Wash. 462,

130 P. 743. This case is discussed in the opinion of the Court of Civil Appeals, but the citation is there erroneous. The court in that case uses this language:

"It may be stated as a sound postulate that in construing remedial statutes that construction will be preferred, if the language of the statute permit, which will subserve the right rather than that which may perpetuate a wrong. Assume that a will disinheriting the heir is forged, or procured by undue influence. The heir institutes a contest and dies pending suit, leaving children. The Illinois doctrine [evidently referring to the cases we have mentioned] would deprive these children of any remedy, and thus perpetuate the wrong. We can not subscribe to a construction fraught with such possibilities, in the absence of a clear legislative mandate. We are not impressed with the argument that will contests are avaricious and should not be encouraged. Fraudulent wills are also avaricious, and should not be encouraged. While this argument may be sound to the extent of requiring clear proof of fraud or undue influence, it should not close the courts to the righting of wrongs. That is the very purpose for which courts were instituted."

In Savage v. Bowen, 103 Va. 540, 49 S. E. 668, the Supreme Court of Appeals of Virginia, upon a state of facts very similar to the facts in this case, holds that the grantee of an heir of testator has such an interest in the controversy as entitles him to contest a will found and filed for probate after the grant by which the testator devised the land to the grantor's children. In that case the court says:

"The allegations of the bill show such an interest in the subject-matter as entitles the appellees to impeach the will. Controversies of this character usually arise between persons claiming as heirs at law on the one hand and as devisees under the contested will on the other. George L. Savage, as heir of Ann C. Savage, would have had the right to impeach the will, and no reason is perceived why those claiming under and through him are not entitled to his rights in that respect."

In Rainey v. Ridgway, 148 Ala. 524, 41 So. 632, the Supreme Court of Alabama, upon a state of facts almost identical with those in the present case, holds that where contestant's husband was the sole heir of testatrix, and contestant was his sole heir, as well as his sole devisee and legatee, she was a "party interested," and entitled to contest the probate of testatrix's will.

In Bloor v. Platt, 78 Ohio, 46, 84 N. E. 614, 14 Ann. Cas. 332, under a statute providing that "a person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest the validity thereof," the court held that a creditor of the heir having obtained a lien by levy on the interest of the heir after the testator's death was entitled to contest a will disinheriting the heir. The court said:

"Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.'"

[4] The obvious principle involved is that the right being assignable carried with it the remedy. Davies v. Leete, 111 Ky. 659, 64 S. W. 441; Foster v. Jordan, 130 Ky. 445, 113 S. W. 490; Brooks v. Paine's Executors, 123 Ky. 271, 90 S. W. 600. Pomeroy's Eq. Juris. (3d Ed.) par. 1275.

As said in Ingersoll v. Gourley, supra:

"The net result of the foregoing authorities is that the courts of Massachusetts, Missouri, Ohio, Minnesota, and Kentucky, and it would seem Virginia, also, hold the right or interest of the disinherited heir the subject of voluntary or involuntary assignment, which would, as we have seen, carry with it the survivorship of the right to contest the disinheriting will; while in Alabama, and apparently in New York, it is held that the heir of the disinherited heir may contest the will or revive a contest already commenced."

[5] In those states which have construed the statute under discussion as the case of Abrams v. Ross Estate, supra, has construed it, the general purpose of the various statutes is the same as article 5534 of our statutes. The right to contest a will within a given time is a right given exclusively by statute, and in many of the states the language of the statute is different from the language in our statute, which reason accounts for the divergent views of the courts on this subject.

[6, 7] The facts alleged in the amended petition show that the minor defendants in error would own no interest in the estate were it not for the will of Sarah Belle Dickson. The interest formerly held by their father was by his will, which has been duly probated, bequeathed to their mother. They are by their pleadings shown to have no interest in the will of Sarah Belle Dickson in contemplation of the article of the statute under consideration, and have no right to maintain a suit to set aside the judgment probating her will. But believing that under the facts alleged in the petition that the wife of Henry Dickson by virtue of his will making her his sole devisee is a person interested in the will of Sarah Belle Dickson within the meaning of article 5534, and it appearing that the suit was instituted within four years after such will had been admitted to probate, having for its purpose to contest the validity thereof, we are of the opinion that the judgment of the district court in so far as it sustains the plea in abatement as to the minor defendants in error and dismisses them from the suit should be affirmed, and to that extent that the judgment of the Court of Civil Appeals be reversed, but that in so far as the judgment of the district court sustained the

plea in abatement as to the wife of Henry H. Dickson, the other defendant in error, that the judgment of the district court be reversed and the cause of action asserted by her be remanded to that court for trial; and we recommend that a judgment in accordance with these conclusions be entered.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed and judgment here rendered sustaining the plea in abatement of this suit as to the minor defendants in error, and remanding the cause to the district court for a new trial as between the plaintiffs in error and defendant in error Mrs. H. H. Dickson.