# Montgomery *v.* Foster.

## *Contested Probate of Will.*

1. *Who may contest probate of will.*—A creditor of the decedent can not contest the probate of his will, as a " person interested therein" (Code, § 1989), since his rights can not be affected by the probate of the instrument.

2. *Petition for contest; averment of facts.*—In a petition filing grounds of contest to the probate of a will, the facts must be stated which show the petitioner's right to contest, and it is not sufficient to state legal conclusions merely; as, "that he is a person interested therein;" or, "that he, if the testator had died intestate, would have been an heir or distributee of his estate."

APPEAL from the Probate Court of Calhoun.
Heard before the Hon. EMMETT F. CROOK.

G. C. ELLIS, for appellant.

BROTHERS, WILLETT & WILLETT, *contra.*

[Montgomery v. Foster.]

McCLELLAN, J.—This appeal is prosecuted from a judgment of the Probate Court sustaining demurrers to an application filed by the appellant to contest the will of Charner Foster, deceased, which had been . propounded for probate in said court. The application, as finally amended, passed on, and dismissed with cost, disclosed the fact that the only interest the contestant had in the premises was as a creditor of the testator. This interest, of course, was not, and could not be, affected in any degree by any testamentary disposition of the property. The rights of the petitioner were precisely the same against the estate of decedent, whether the will was probated or not. In either event, the property attempted to be devised would have been liable to the claim he held against Charner Foster, in like manner, and to the same extent. He had no interest to be jeopardized by establishing the will, and none that would have been conserved by defeating its probate. He was, therefore, not a "person interested therein," or one "who, if the testator had died intestate, would have been an heir or distributee of his estate."—Code, § 1989.

The demurrer was properly sustained to the petition as amended; and if it be conceded that the original application, which alleged that the applicant "would have been an heir or distributee of the estate of Charner Foster," had he died intestate, "and is interested therein," was sufficient under the statute, the error committed in sustaining a demurrer thereto was without injury to him, in view of the real facts developed in the amendment, and will not avail him on this appeal. We apprehend, however, that the original application was itself wholly lacking in necessary averments. Instead of the conclusions of law which are demonstrated to have been wholly erroneous, it should have alleged the facts constituting the relationship between the petitioner and the deceased, and the facts out of which his interest *in the will* arose; and thus have enabled the court to determine for itself whether he would have been an heir, or distributee of the estate, or had such an interest in the will as qualified him to contest its probate. The case, indeed, is an apt illustration of the wisdom of the familiar rule of pleading, which requires facts to be alleged, and not the mere conclusions of law drawn by the pleader from facts which he may suppose will support his conclusions.

The judgment of the Probate Court is affirmed.