# Breeding *r*. Grantland.

*Bill in Equity to contest Validity of a Will.*

1. *Appeals from interlocutory decrees; not authorized from decrees on motion to strike demurrers.*—The statute authorizing appeals to the Supreme Court from certain interlocutory decrees rendered in chancery courts (Code, § 427) does not provide for appeals from decrees rendered on motions to strike demurrers to a bill.
2. *Bill in equity to contest validity of will; what contest will prevent maintenance of bill.*—The contest of a will which, under the statute, precludes any person interested in said will from maintaining a bill in equity to contest the validity of said will (Code, § 4298), is that contest instituted in the probate court by filing in such court allegations in writing showing the

32c

[Breeding v. Grantland.]

invalidity of the will and the prosecution of a contest therein to judgment under the provisions of the statute (Code, § 4287); and the mere fact that a person interested in the will, but who was not a contestant of record in the contest of the probate of the will in the probate court, took an active interest in the prosecution of such contest proceedings and shared the expenses thereof, does not prevent him from subsequently maintaining a bill in equity to contest the validity of the will.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The facts of the case are sufficiently stated in the opinion.

RUSSELL & LYNNE, for appellants.—The appellee in this case, although not a record party, did, by aiding and abetting the nominal party, become a real and interested party to the contest proceeding instituted in the probate court; and he thereby precluded himself from filing the present bill in the chancery court to contest the validity of said will. The plea setting up these facts were sufficient and should have been sustained. Freeman on Judgments, §§ 174, 176; *Claflin v. Fletcher,* 7 Fed. Rep. 851; 2 Black on Judgments, 539; *Donegan v. Wade,* 70 Ala. 501; *Knox v. Paull,* 90 Ala. 510; *Clemens v. Patterson,* 38 Ala. 82; *Leslie v. Sims,* 39 Ala. 164; *Blakely v. Blakely,* 33 Ala. 616.

S. T. WERT, SAMUEL BLACKWELL and ARTHUR F. FITE, *contra.*—The plea of defendants was insufficient as a bar to this suit; and complainant's demurrer thereto was properly sustained.—*Clemens v. Patterson,* 38 Ala. 721; *Blakley v. Blakley,* 33 Ala. 661. A party is not a contestant of a will in probate unless he makes himself a party in the only mode authorized by law so as to become responsible for costs.—*Allen v. Prater,* 35 Ala. 169. A person may contest a will by bill in chancery, although he employed counsel and testified as a witness for contestant in probate proceedings.—*Knox v. Paull,* 95 Ala. 505.

[Breeding v. Grantland.]

McCLELLAN, C. J.—The bill in this case was filed by appellee to invalidate the last will and testament of William Breeding, deceased. A plea was interposed by appellants averring that the will had been regularly admitted to probate in the probate court of Morgan county, after a contest of said probate by James Breeding, a brother of the testator and an uncle of appellee. The plea further avers, "that during the hearing or trial of said contest, complainant was examined as a witness in the behalf of said contestant, that complainant aided and abetted said James Breeding in the inauguration and prosecution of said contest, and while not marked as a contestant on the record was a contestant in fact, for that he paid a part or portion of the funds or fees for the employment of attorneys to institute and prosecute said contest, he paying the attorneys the amount ascertained and determined to be his *pro rata* part; and he zealously aided in said contest; that the solicitors now representing the complainant are the same that were employed to and did contest said will before the probate court." Appellee demurred to the sufficiency of the plea, and thereupon appellants moved to strike out the demurrers from the file, upon the ground that the plea should be set down for hearing upon its sufficiency and not demurred to. The motion to strike the demurrers was overruled. The cause was then submitted upon the demurrers, the demurrers sustained and the plea held insufficient. The appeal is prosecuted from both decrees.

Section 427 of the Code authorizing "Appeals from certain interlocutory decrees" does not provide for an appeal from the decree overruling the motion to strike the demurrers. We are, therefore, confined to the consideration of the propriety of the decree sustaining the demurrers and holding the plea insufficient.

The proper practice to test the sufficiency of a plea in a court of equity is to set it down for hearing upon its sufficiency or by motion to strike, and not by demurrer. "The effect, however, is the same and furnishes no ground for a reversal."—*Freeman v. Pullen*, 119 Ala. 235.

The plea avers that appellee was not a contestant of record upon the contest of the probate of the will in the probate court and for this reason it was bad. In the case of *Donegan v. Wade,* 70 Ala. 501, where a will provided that the interest of any child "who resists the probate" of the will, "or petitions to break or set it aside," should be forfeited and go to those who had not "opposed it," we held that a child who without making himself a party to the contest instituted by another devisee actively interfered in behalf of the contestant contributing to the expense of the litigation, was within the prohibtion of the will; and we should hold upon the averments of the plea here, that appellee was concluded by the decree of the probate court upon the contest therein, but for the words of the statute which define the nature of the contest which shall preclude a party in interest from contesting in a court of equity. Section 4298 of the Code provides: "Any person interested in any will, who has not contested the same *under the provisions of this article,* may, at any time, within eighteen months after the admission of such will to probate in this state, contest the validity of the same by bill in chancery," etc. A will is contested under the provisions of the article referred to by a party in interest "by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator or of any other valid objections thereto, and thereupon an issue must be made up under the direction of the court between the person making the application as plaintiff and the person contesting the validity of the will as defendant."—Code, § 4287. It is manifest that no one can contest "under the provisions of the article" in which section 4298 is found, except by filing the allegations in writing required by section 4287. No one else can assert any of the rights of contest conferred by the statute. It is a person in interest who files such allegations in writing who alone has the right to determine the issue under the direction of the court, to summon, examine and cross-examine witnesses, and who is alone liable for costs in the event the con-

[Samuel v. Nashville, Chattanooga & St. Louis Railway.]

test fails. All other persons, whether interested in the estate or not, who obtain a voice in the conduct of the contest in the probate court by rendering financial or other assistance to the contestant of record do so merely by and through him. They do not exercise a statutory right, but merely an imperfect right granted by the contestant. Section 4298 does not recognize such assistance as a contest, although it may be so in fact. It only recognizes the contest which the article prescribes, and expressly grants the right to subsequently contest by bill in equity to all interested in the estate who have not so contested. The language of the statute is plain and must be followed. The fact that it practically permits parties to repeat a contest of the validity of a will by one of them refraining from participating of record in the contest in the probate court is a matter for the legislature and not for the courts.

The case of *Knox v. Paull*, 95 Ala. 510, does not decide the question here raised by the plea. It was expressly stated in that case that the contention here considered was conceded merely for the purpose of argument.

The decree of the chancellor holding the plea insufficient must be affirmed.