# Rainey v, Ridgway, *et al.*

## Contest of Will.

(Decided June 6th, 1906.  41 So. Rep. 632.)

1. *Wills; Contest; Parties Interested.*—Contestant was the widow of P. A. Ridgway, the only son and heir of decedent; P. A. Ridgway left no children, brothers, sisters or other heirs, and under his will his wife, contestant here, was his sole legatee and devisee: Held, she was entitled as a "party interested" to contest the probate of the will of testatrix, Martha Ridgway.

2. *Same; Separate Contest; Filing.*—The administrator of only son and heir of decedent could not file a separate contest of the alleged will while one contest was in progress of trial; he can, at his election, join in the contest filed.

APPEAL from Tallapoosa Probate Court.

Heard before HON. JAS. W. STROTHER, Special Judge.

Petition by E. B. Rainey for the probate of a copy of the last will of Martha Ridgway, deceased, to which Ella Ridgway and others filed objections. From an order denying probate of the will, petitioner appeals.

E. B. Rainey filed in the probate court of Tallapoosa county what purported to be a copy of the will of Mar-

tha Ridgway, alleging the loss of the original will. Ella Ridgway filed a contest, the allegations of which are sufficiently set out in the opinion. The administrator of the estate of Ella Ridgway's husband, P. A. Ridgway, also filed a contest on the same ground. The following demurrers were filed to the petition for contest: "(1) Contestant fails to show that she is interested in said will. (2) Contestant fails to show that, in case said Martha A. Ridgway, the testator, had died intestate, contestant would have been an heir or distributee of the estate of Martha A. Ridgway. (3) Contestant sets out and alleges in her contest a state of facts which show affirmatively that she is not interested in the will of the said Martha Ridgway which is proposed to be probated in this case, and that, if the said Martha Ridgway had died intestate, contestant would not be an heir or distributee of the estate of said Martha Ridgway. (4) Because said contestant fails to set out in her contest any valid objections to the probate of said will. (5) Because the contestant fails to set out in grounds 1, 2, 3, 4, 5, 6, and 7, as alleged in her contest, any valid objections to the probate of said will." TheThe proponent also moved to strike the contest filed by the administrator of the estate of P. A. Ridgway, and also filed demurrers to the same. These demurrers and motions were overruled and order was entered denying probate of the will.

GEORGE A. SORREL, and THOMAS L. BULGER, for appellant.—No brief came to the reporter.

LACKEY & BRIDGES, for apellee.—No brief came to the reporter.

SIMPSON, J.—This is an appeal from a decree of the probate court on the contest of a will, and the sole question presented for the consideration of this court is the right of the appellees to contest the probate of the will, which is raised by demurrer and motion to strike.

The appellee Ella Ridgway (contestant) alleges that she is the widow of P. A. Ridgway, who was the son and only child of the testatrix (Martha A. Ridgway) ; that

[Rainey v. Ridgway, et al.]

said P. A. Ridgway survived his mother; that he left surviving him no children, or their descendants, no father or mother, no brother or sister, or their descendants; that petitioner is his only heir, and the sole devisee and legatee under his will; also that, on the death of his said mother, her said husband took possession of all of the property, real and personal, left by his said mother, remained in possession until his death, and contestant has been in possession of the same ever since. In other words, contestant's husband was the sole heir of the testatrix, and contestant is his sole heir, and sole devisee and legatee; she is certainly the party interested, or the person who, standing in the place of her son, as his sole heir, who would be a distributee of the estate, if there were no will. In the case of *Lockwood v. Stephenson,* 120 Ala. 641, 24 South. 996, 74 Am. St. Rep. 63, it was held that a creditor was not a "person interested therein," because he did not take an interest in the estate under and by virtue of the will. His was a claim against an interest in the estate, not an inteest in it. In the present case, the appellee Ella Ridgway is the sole person interested in the estate. There is no analogy between this case and that of the widow, who has the personal right of dissenting from her husband's will, which cannot be exercised by her administrator.— *Donald v. Portis,* 42 Ala. 29. In this case the widow, being the sole heir, owns the identical property which her husband held, which was an interest in the property left by his mother, and the right of contest is based on that interest.

It was improper for the administrator to file another separate contest, while one was in progress of trial. He could have joined that contest, if he so desired. But this is immaterial, as both petitions together were considered by the court and acted on as one contest.

The decree of the court is affirmed.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.