# Elmore *v.* Stevens.

*Will Contest.*

(Decided Jan. 30, 1912.   57 South. 457.)

1. *Wills; Probate; Persons Who May Contest.*—Under section 6196, Code 1907, a purchaser claiming in good faith through one who, if the testator had died intestate, would have been an heir or distributee, may contest a will, the probate of which would divest his interest.

2. *Same; Allegation of Interest.*—An application to contest which alleges merely that contestant's interest will be injuriously affected by the allowance of the alleged or pretended will, shows no ground for the granting of relief as such allegation is a mere conclusion.

(Simpson and Anderson, JJ., dissent; McClellan, J., dissents in part.)

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Rose Tolliver Stevens propounded for probate the will of Hannah Chambless, which was contested by Belle P. Elmore. From a judgment sustaining a demurrer to contestant's allegation of contest, contestant appeals. Affirmed.

LUDLOW ELMORE, for appellant.   Having purchased in good faith from the only heir of the testatrix Mrs.

Elmore had the right of contest under section 6196, Code 1907.—*Raney r. Ridgway*, 148 Ala. 524.

J. WINTER THORINGTON, for appellee. The contestant does not fall within any class mentioned in section 6196, Code 1907, and hence, was not entitled to contest.— *McCutcheon r. Loggins*, 109 Ala. 457; *Rainey v. Ridgway*, 148 Ala. 524; *Lockard v. Stephenson*, 120 Ala. 641; *Bending r. Grantling*, 135 Ala. 497; *Montgomery v. Foster*, 91 Ala. 613.

SAYRE, J.—This case comes here on appeal from a judgment of the probate court sustaining a demurrer to appellant's application to contest the probate of an alleged will which had been propounded for probate as the last will and testament of Hannah Chambless, deceased. Appellant sought to contest on the ground, among others, that the paper writing propounded as a will was a forgery. The facts going to show contestant's interest are these: Hannah Chambless died in 1891. Appellant in her petition to be admitted to contest avers that she purchased certain real estate from Edith Tolliver Richardson in 1902, and that said Edith Tolliver Richardson was the only heir at law of Hannah Chambless. The petition for probate, which was filed in 1911, avers Edie Tolliver, Rosa Tolliver, Willie George Tolliver, and Kate Tolliver to have been the testator's next of kin and devisees under her will, all of whom have departed this life without children or descendants of children save proponent, who is the sole heir at law of Rosa Tolliver. The petition for contest avers that "petitioner's interest will be injuriously affected by the allowance of said alleged or pretended will."

Appellant's theory of her right to contest is that her purchase from the sole heir at law of realty which the

will purported to vest in devisees, other than her vendor, gave her such an interest in the will as authorized her to contest under the statute which permits a will, before probate, to be contested by "any person interested therein."—Code 1907, § 6196. We would be ready to concede the correctness of appellant's position if the averments of her petition for contest sustained the statement of facts to be found in the brief. We are of opinion that one who in good faith after the death of the owner acquires an interest in property from persons standing in the relation of heirs to the decedant, which interest is subsequently about to be divested by the probate of a will purporting to divert the property from the path of descent it would take under the statute, may contest the will. It seems to us, as at present advised, that, if the propounded will was in law and fact no will, such a purchaser ought to be allowed to show the fact, for he can have relief in no other way, since the probate of the will is conclusive proof of its due execution. The decision in *Lockard v. Stephenson,* 120 Ala. 641, 24 South. 996, 74 Am. St. Rep. 63, does not interfere with this conclusion. The point of the decision in that case was that a creditor of one who would have inherited property, if there had been no will, could not contest. If the language of the opinion went beyond the necessities of the case, there is nothing to indicate that the court had in mind such a case as that here presented. A purchaser claiming through a person who, if the testator had died intestate, would have been an heir or distributee, is as clearly interested in the will as his vendor would have been had he not disposed of his ostensible interest. In the earlier case of *Montgomery v. Foster,* 91 Ala. 613, 8 South. 349, the court used language which had effect to define those interested in a will as including those having an interest to be conserved by defeating its probate

or jeopardized by its establishment. And in that case was also stated the reason for not permitting a creditor to contest. It was said : "The rights of petitioner," who was a creditor, "were precisely the same against the estate of decedent, whether the will was probated or not." After that the statute was re-enacted in the Code of 1896. The principle on which we go seems to have been recognized by this court in the later case of *Rainey v. Ridgway*, 148 Ala. 524, 41 South. 632, where it was held that the heir of one who would have been an heir, had testator died intestate, might contest. Again the statute was re-enacted in the Code of 1907. And in *McCutcheon v. Loggins*, 109 Ala. 457, 19 South. 810, contestants would have taken nothing had decedent died intestate; nor were they named in the will offered for probate. Their only right to contest was as devisees under a later will. It was held that they were proper parties to contest.

But appellant showed no such case to the court. The only interest shown by the petition for contest is that to be found in the general statement, the mere conclusion, that "petitioner's interest will be injuriously affected by the allowance of said alleged or pretended will." We do not know what disposition testator made or attempted to make of her property or of the particular property purchased by appellant. Non constat, as to the property in controversy, she may have died intestate—that is, she may have made no effort to dispose of it by the will offered for probate, and if we may assume, as seems probable, that the Edie Tolliver of the petition for probate was the Edie Tolliver Richardson of the petition for contest, it may be that the will purports to devise the property to her. Here again, as in *Montgomery v. Foster*, *supra*, is presented a case calling for the familiar rule that no mere conclusion will serve the purpose of plead-

ing. The petition for contest should have alleged the facts out of which petitioner's interest arose, and thus enabled the court to determine for itself whether she had such an interest in the will as qualified her to contest its probate. There could be no difficulty in the way of such averment, and in its absence we must assume that the facts did not exist. The petition for contest cannot be sustained except by the indulgence of assumptions in favor of the contestant. This the court cannot do, and for this reason the judgment of the probate court will be affirmed.

Affirmed.

DOWDELL, C. J., and MAYFIELD and SOMERVILLE, J. J., concur in the opinion. SIMPSON and ANDERSON, JJ., hold that appellant was entitled to contest, and that the demurrer to the contest should have been overruled. Mc-CLELLAN, J., concurring in the result, holds that, under the authority of *Lockard v. Stephenson,* 120 Ala. 641, 24 South. 996, 74 Am. St. Rep. 63, the statute having been, without change, since readopted, the appellant was not of either of the two classes allowed, by the statute, to contest a will offered for probate. In his opinion *Montgovery v. Foster*, 91 Ala. 613, 8 South. 349, is not opposed to the pertinent ruling in *Lockard v. Stephenson.*