# Stephens *v.* Richardson.

## *Will Contest.*

(Decided November 7, 1914.   66 South. 497.)

1. *Wills; Contest; Persons Interested.*—Under section 6207, Code 1907, anyone who has an interest to be conserved or jeopardized by the establishment of a will is interested in it, and may contest, the rule being the same as to those who may contest probate under section 6196, Code 1907.

2. *Same.*—Where the heir at law of a decedent, who willed real property to others, conveyed all of the real property disposed of by the will to another, but the conveyance of part of it provided for a reversion on breach of conditions, the heir was interested in the establishment of the will, and might contest its validity by bill in chancery under section 6207, Code 1907.

3. *Same; Issues.*—Where the bill contesting the validity of the will alleged that the instrument had never been executed by the testatrix, and the answer specifically denied such allegations, and specifically averred that the testatrix did sign the paper purporting to be a will, the only issue which could be framed for a jury under section 6209, Code 1907, was the genuineness of the will; evidence of undue influence or fraud should not therefore have been received.

4. *Same; Evidence.*—Evidence heard in the probate court and preserved in accordance with section 6188, Code 1907, is admissible in a proceeding by bill in chancery to attack the validity of the will, under the direct provisions of section 6209, Code 1907.

5. *Same.*—In a will contest instituted by bill in chancery where notes of the testimony of a witness given in the probate court was improperly rejected the fact that the witness was examined in the second proceeding, did not render the error harmless.

6. *Evidence; Paternity; General Reputation.*—Proof of paternity cannot be made by evidence of its notoriety or general acceptance as a fact. where the establishment of such relationship will convict the parents of criminal conduct.

APPEAL from Montgomery City Court.

Heard before Hon. GASTON GUNTER.

Petition by Tommie Richardson, by next friend, against Rosa Toliver Stephens, to contest a will on the ground that it was not genuine, and was never executed by deceased, and that the said probating of said will be vacated and held for naught, and that the said

paper be rejected and held not to be the will and testament of Hannah Chambliss. Decree for complainant, and respondent appeals. Reversed and remanded.

J. Winter Thorington, and C. P. McIntyre, for appellant.

Tilley & Elmore, and H. B. Fuller, for appellee.

McCLELLAN, J.—This is an appeal from a decree of the city court of Montgomery, sitting in equity, adjudging, on contest, the invalidity of the instrument purporting to be the last will and testament of Hannah Chambliss, deceased, an instrument theretofore proved in the probate court of Montgomery county. Provision for contests in equity is made by Code, § 6207. The appellee was the contestant in the court of equity.

Preliminary to the introducing of evidence bearing upon the issues touching the validity of the instrument, the plaintiff, proponent as it were, offered to show the absence of such interest in the appellee as would allow him to contest the validity of the paper so proven in the court of probate. Upon full statement and showing of the items and effect of this proffered matter, the court declined to permit its admission for the jury's consideration.

On appeal from a ruling on demurrer to an application to contest the instrument in question in the probate court, this court, after full consideration, in *Elmore v. Stephens*, 174 Ala. 228, 57 South. 4574, held that any one who had an interest to be conserved by defeating a paper's probate as a will or an interest to be jeopardized by its establishment was of those *interested in the will* (Code, § 6196), and hence could con-

test its probate. A like effect must now be accorded Code, § 6207, in this respect. So, the inquiry in this connection is, did the appellee have such an interest as that so recently defined?

The contestant (appellee) is the sole surviving heir at law of Hannah Chambliss, so in virtue of being the child of Edith Toliver Richardson, who, upon the death of Hannah Chambliss in 1887 or 1888, was herself the sole surviving heir at law of Hannah Chambliss, being Hannah's granddaughter. Edith died in 1905. Theretofore, after the death of Hannah, Edith had conveyed, with covenants of warranty, all the land described in the paper in question, which paper undertook to only devise certain land to stepchildren of Hannah, to the exclusion of Edith, with the exception of some general directions therein expressed for Edith's habitation thereon in the event of Edith's illness. It is insisted that these conveyances by Edith divested her of any such *interest* as would or could afford right in her sole heir to contest the alleged will of Hannah; that there was no subject of descent or inheritable right residing in Edith at her death that could or did pass to the appellee, her sole heir at law. Under the stated definition of *interest necessary* to qualify a person to contest an alleged will, the right of this appellee to contest in this instance is established. The appellee's right to institute this contest is found in the condition annexed to the deed, executed by Edith to B. L. Holt. The deed conveyed a right of way for the construction of a railway, and bears provision for reverter of the land or right conveyed to the grantor, her heirs or assigns, in the event the railway was not constructed or was abandoned. Manifestly, if the alleged will is pronounced invalid, the appellee, as heir of the grantor, Edith, has, under the condition stipulated in the deed,

an immediate interest, *in the land,* that will be con-
served by defeating the probate of the alleged will.
The court below did not err in refusing to admit in
evidence, even on the preliminary issue stated, the mat-
ter before described. The matter recited and shown in
the proffered matter disclosed, unmistakably, the right
of the appellee to contest the instrument.

Whether error affected the action, in certain partic-
ulars, of the trial court depends upon what *issues* were
made by the pleadings or by direction of the court, or
both.

These averments of the original bill praying for con-
test, filed by appellee contestant, contribute to the solu-
tion of the inquiry:

"4. That the said Hannah Chambliss did not make,
execute, or sign or authorize any one else to sign for
her the said paper probated as her will, and that the
same is not her last will and testament."

In the prayer this appears: "* * * That on such
trial orator may be allowed to contest the said alleged
will and testament on the ground that it is not gen-
uine and was never executed by the said deceased, which
orator now sets up against the validity of said paper
as a will and testament, * * * and that said paper
will be rejected and held not to be the will and testa-
ment of the said deceased."

In the answer filed July 7, 1913, superseding by
withdrawal previously filed original and amended an-
swers, these averments occur: "* * * Respondent
denies all the statements and averments set forth there-
in [fourth paragraph of the bill], and avers that the
said Hannah Chambliss did sign the paper attested
and executed and probated as her will, and that said
paper is her last will and testament. * * * [sev-

enth section]    *    *    *,    and she avers that said document is genuine."

In Code, § 6209, applicable to this proceeding, it is provided: "The chancery court may, in such case, direct an issue to be tried by a jury, and on the trial before the jury, or hearing before the chancellor, the testimony of the witnesses reduced to writing by the judge of probate, according to section 6188 (4279) is evidence to be considered by the chancellor or jury."

The minute entry, record proper, recites: "Complainants having demanded a jury to try an issue of facts, viz., whether or not the alleged will of the said Hannah Chambliss was genuine, and issue being joined on the genuineness of the will of Hannah Chambliss. *    *    *"

Our opinion that the single, distinctive issue made for the trial and upon and under which, *only,* could evidence have been legally taken and submitted to the jury was genuineness vel non of the instrument assailed by the contestant, an instrument theretofore proven in the probate court. This issue comprehended only the inquiries stated in the following charge requested by and refused to the plaintiff (proponent) : "There is but one issue in this case, and that is whether the paper offered for probate was signed by testatrix or some person in her presence, and by her direction attested by at least two witnesses, who subscribed their names thereto in the presence of the testatrix."

The issues made did not include inquiries as to fraud or undue influence affecting to induce Hannah Chambliss to execute the paper. Genuineness vel non of the paper as a will was the issue, no more and no less. If "fraud," otherwise than the comprehension by that term of *forgery* of the instrument, it should have been

[Stephens v. Richardson.]

charged in the pleadings and the formulation of the issues by the court (section 6209) should have included that ground of asserted invalidity of the instrument. The court below by its action gave effect, in several instances, to a different view of what was within the issues made, and hence erred to appellant's prejudice.

According to the express provisions of Code, § 6209, there was error in refusing to allow the introduction in evidence of the testimony of W. D. Minor, taken by the judge of probate in substantial compliance with Code, § 6188. It cannot be said that the mere fact of Minor's examination on this trial averted any effective prejudice to appellant attending the refusal to admit the matter stated.

Proof of Minor's asserted relationship to one of the beneficiaries under the paper being contested could not be made by evidence of its notoriety or general acceptance as a fact, especially since to establish his paternity involved the conclusion of criminal conduct by him and by the mother. We think there was error in that regard.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.