(89 South. 470)

ALLEN et al. v. PUGH.    (2 Div. 722.)

(Supreme Court of Alabama. Feb. 10, 1921. Rehearing Denied April 28, 1921.)

1. Wills ⬗259 — Party interested must file contest before examination of witnesses to prove will; "probate of a will."

Under Code 1907, § 6196, providing that a will, before probate thereof, may be contested by any person interested therein or by any person who, if the testator had died intestate, would have been an heir or distributee of his estate, the contest must be filed before examination of the witnesses whose testimony would establish the will; as "probate of a will" is the proof before an officer authorized by law that the instrument offered to be proved or recorded is the last will and testament of the deceased person whose testamentary act it is alleged to be, and not the mere indorsement on the will of the certificate of probate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Probate.]

2. Wills ⬗220—Parties authorized to contest defined; "any person interested."

Under Code 1907, § 6196, authorizing contest of a will by "any person interested therein," the quoted phrase embraces any person who has an interest in the estate disposed of which would be conserved by defeating the probate of the will or jeopardized or impaired by its establishment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Any.]

3. Wills ⬗264—In contest all parties entitled must join the contest pending.

Where one person files a contest of a will, others so entitled must become contestants, if at all, by becoming parties to the contest pending, since the issue is in rem and must be single and complete as to all the parties.

4. Wills ⬗359—Appeal from decision in will contest cannot be prosecuted by a person not a party to the contest.

On appeal persons not parties to the proceeding to contest a will in the probate court are not concerned, and the appeal cannot be prosecuted by any person in interest not a party to the record.

5. Wills ⬗392—Appeal in will contest is a continuation of the original case, and is conclusive of merits.

In a will contest the appellate proceeding is a continuation of the original, leading to a judgment on the merits, which is conclusive of the issue, and a cause cannot be remanded to let in additional evidence, and under the mandate of the appellate court directing probate nothing remains for the probate court to do except to enter a formal certificate of probate.

6. Wills ⬗230—Failure to contest a will in probate court before appeal leaves only remedy in chancery court.

Where a person interested in an estate failed to join a will contest in the probate court, after appeal from that court, his only remedy was to contest in the chancery court under Code 1907, § 6207.

7. Wills ⬗220—May be contested by any person acquiring interest in estate prior to probate of the will.

Any person who has acquired an interest in the estate by purchase or descent from an heir or distributee which would be injuriously affected by the establishment of the will may contest it in the probate court, if the interest was acquired prior to the probate of the will.

8. Wills ⬗229—Right to contest in chancery held extension of right to contest in probate court.

Under Code 1907, § 6207, providing that any person interested in a will who has not contested it under preceding sections may contest the validity of it by a bill in chancery, the right to contest in chancery is only an extension of the right to contest in probate court, and one who was never authorized to become a contestant in the probate court because acquiring his interest by descent pending an appeal in the contest of another party cannot contest in chancery.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Bill by Earl E. Pugh against Robert Allen and others to contest the will of L. R. Noble. From a decree overruling demurrers to the bill and granting the relief prayed, the respondents appeal. Reversed and rendered.

R. P. Roach, of Mobile, Joe D. Lindsey, of Butler, and James J. Mayfield, of Montgomery, for appellants.

The complainant was not qualified to file the bill contesting the will. Section 6207; 120 Ala. 641, 24 South. 996, 74 Am. St. Rep. 63. The bill was filed too late. 48 Ala. 530; 76 Ala. 420; 141 Ala. 470, 37 South. 689. The decision of the Supreme Court, directing that the will be admitted to probate, was final and decisive. 30 Ala. 111; 60 Ala. 480; 71 Ala. 136; 2 R. C. L. 244, and cases there cited. The right of action to contest the will did not survive. 40 Cyc. 1244; 1 C. J. 180; 52 Minn. 386, 54 N. W. 185; 110 Tenn. 514, 75 S. W. 1072; 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180; 191 Ala. 214, 67 South. 1003, Ann. Cas. 1917C, 903.

Stevens, McCorvey & McLeod, of Mobile, and Gray & Dansby, of Butler, for appellee.

Complainant falls within the class that could contest the will. Sections 6196 and

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

6207, Code 1907; 191 Ala. 210, 67 South. 1003, Ann. Cas. 1917C, 903; 148 Ala. 524, 41 South. 632; 174 Ala. 228, 57 South. 457; 189 Ala. 360, 66 South. 497. Complainant was not barred by any action taken in the probate court. 135 Ala. 497, 33 South. 544. The rendition of the decree of the Supreme Court directing the admission of the will to probate was not final and binding on complainant, and did not constitute the probating of the will; but the judgment of the probate court was necessary, and the time dated from the entrance of the judgment in the probate court. 54 Ala. 36; 68 Ala. 594; 74 Ala. 364; 72 Ala. 134; 4 C. J. 23 Cyc. 784; 76 Ala. 418; 2 Stew. 401, 20 Am. Dec. 49.

SOMERVILLE, J. This proceeding is by bill in chancery under section 6207 of the Code to contest the probated will of L. R. Noble. The administrator of the testator, one Hollis, and the several beneficiaries under the alleged will, are the parties respondent.

The respondents make the point that the complaining contestant, Earl E. Pugh, is not a person qualified by the statute to prosecute this contest.

The undisputed facts pertinent to this question are as follows: The testator died in 1911, leaving as surviving next of kin two nephews, Gross Scruggs and Meredith Pugh. In November, 1912, Robert Allen, one of the beneficiaries named in the alleged will, filed his petition for its probate in the probate court of Choctaw county, due notice of which was given by citation to the said nephews, Scruggs and Pugh. Scruggs duly filed a contest of the validity of the will thus propounded, in which Pugh did not join. Pending the contest Scruggs died, and the cause was then revived and prosecuted by and in the name of his son, Joe Scruggs. On final hearing the probate court found against the validity of the will, and denied the petition for its probate and establishment. On petitioner's appeal to the Supreme Court, submitted in February, 1914, this court, on November 7, 1914. reversed the decree of the probate court, and rendered a decree, based on the evidence, directing that court to receive for probate the instrument propounded, and to probate it as the will of L. R. Noble. Pursuant to said decree of this court the said probate court entered an order admitting the will to probate on, to wit, January 11, 1915.

While the appeal was pending in the Supreme Court, viz. after its submission and before its decision, Meredith Pugh died, leaving surviving him Earl E. Pugh, his son and legal heir.

[1, 2] Section 6196 of the Code provides that—

"A will, before the probate thereof, may be contested by any person interested therein, or by any person who, if the testator had died intestate would have been an heir or distributee of his estate. * * *"

The settled construction of the phrase "any person interested therein" is that it embraces any person who has an interest in the estate disposed of, which would be conserved by defeating the probate of the will, or jeopardized or impaired by its establishment. Montgomery v. Foster, 91 Ala. 613, 8 South. 349; Elmore v. Stevens, 174 Ala. 228, 57 South. 457; Stephens v. Richardson, 189 Ala. 360, 66 South. 497. As stated in the later case of Braasch v. Worthington, 191 Ala. 210, 213, 67 South. 1003, 1004 (Ann. Cas. 1917C, 903):

"A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will."

Meredith Pugh, the father of this complaining contestant, since he was an heir at law of the testator, and would have been a distributee of his estate in case of intestacy, was unquestionably a competent contestant of the will in the probate court. Though he was notified of the filing of the petition for probate, by citation as required by the statute (Code, § 6193), he did not appear and join in the contest, and was not a party to that proceeding either in the probate court or on appeal. Breeding v. Grantland, 135 Ala. 497, 33 South. 544; Blakey v. Blakey, 33 Ala. 611. The probate of a will is defined to be:

"The proof before an officer authorized by law that the instrument offered to be proved or recorded is the last will and, testament of the deceased person whose testamentary act it is alleged to be." 2 Bouv. Law Dict. 378.

[3, 4] And in providing for the contest of a will before the probate thereof, we think it is clear that the statute requires the filing of the contest before the examination of the witnesses whose testimony would establish the will, the word "probated" being referable to the proving of the will on the day set therefor, rather than to the mere indorsement of the certificate of probate on the will as evidence of the fact of probate. And where one person has filed a contest, others so entitled must become contestants, if at all, by making themselves parties to the contest pending, since the issue is in rem, and must be single and complete as to all the parties. Rainey v. Ridgway, 148 Ala. 524, 41 South. 632. So, on appeal, persons who were not parties to the proceeding in probate are not concerned (Blakey v. Blakey, 33 Ala. 611), and an appeal cannot be prosecuted by any person in interest who was not a party to the record. Clemens v. Patterson, 38 Ala. 721.

[5] It necessarily results that, after the original decree of the probate court, sustain-

ing the contest and denying the probate of the will, Meredith Pugh was no longer eligible as a contestant in the probate court; and, a fortiori, he was not so eligible after the cause was appealed to and submitted for judgment in the Supreme Court. The appellate proceeding was but a continuation of the original, on the same evidence, leading to a judgment on the merits of the contest. That judgment was conclusive of the issue, and, under the mandate of the court, nothing remained for the probate court to do except to enter a formal certificate of probate, a purely ministerial duty. Leeper v. Taylor, 47 Ala. 221; Purycar v. Beard, 14 Ala. 121, 128. As held in Johnson v. Glasscock, 2 Ala. 519, the issue was not open to further contestation, and the cause could not be remanded to let in additional evidence.

[6] We conclude then that when Meredith Pugh died, i. e., after the submission of the appeal in the Supreme Court, his right to contest the will in the probate court had been effectually lost by its nonassertion, and thereafter he could, if living, have contested only in the chancery court under the provisions of section 6207 of the Code.

The final concrete question therefore is, Did Meredith Pugh's right to contest the will in chancery pass by descent cast to his son and heir, Earl E. Pugh, the sole complaining contestant in this cause?

[7] It is fully settled by our decisions that any person who has acquired an interest in the estate by purchase or descent from an heir or distributee—and, it would seem, from a devisee or legatee—which would be injuriously affected by the establishment of the will, may contest it in the probate court, if such interest was acquired prior to the probate of the will. Rainey v. Ridgway, 148 Ala. 524, 41 South. 632; Henry v. Wert, 42 South. 405;[1] Elmore v. Stevens, 174 Ala. 228, 57 South. 457; Stephens v. Richardson, 189 Ala. 360, 66 South. 497. These cases do not expressly hold that a contestant's interest in the estate thus acquired by purchase or descent must have been acquired before the probate of the will, that question not being presented; but in each case his interest had in fact been so acquired, and hence he came within the class of "interested" persons authorized to become contestants under the provisions of section 6196 of the Code, and by extension of that right under section 6207.

[8] It does not appear that this court has ever had occasion to decide or discuss the present question. Section 6207, immediately following the sections relating to contestation in the probate court, provides that:

"Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within the twelve

months after the admission of such will to probate, * * * contest the validity of the same by bill in chancery"

—and in the construction of this section it has been several times declared that the right to contest thereunder in chancery is but an extension of the right to contest in the probate court. Kaplan v. Coleman, 180 Ala. 267, 277, 60 South. 885; Ex parte Walter, 202 Ala. 281, 284, 80 South. 119, 122. And, in defining the class of persons authorized to contest in chancery, we have said that—

"There can be no doubt that a contest in chancery, under section 6207, may be instituted by any person who could have contested the probate of the will under section 6196, but has neglected to do so." Braasch v. Worthington, 191 Ala. 210, 211, 67 South. 1003.

These expressions point decisively to the conclusion that this contestant, never having been authorized to become a contestant in the probate court, was not within the class of persons designed as potential contestants in chancery by section 6207, and therefore cannot exercise such a right. This conception of the statute is confirmed by the language of a subsidiary provision (section 6208) that:

"After the expiration of such twelve months, the validity of the will can only be contested by infants and persons of unsound mind who had no legal guardian *at the time the will was admitted to probate*, who are allowed twelve months," etc. (italics supplied)

—clearly indicating that this additional extension was limited to infants who were *potential contestants* at the time of probate.

The authorities generally support this view, and hold that the right of contest is a personal and not a property right, and therefore cannot pass by transfer or descent, and that every would-be contestant under statutes authorizing any person "interested in the will" to contest it after probate must show that he acquired his interest before the probate of the will. McDonald v. White, 130 Ill. 493, 22 N. E. 599; Storrs v. St. Luke's Hospital, 180 Ill. 368, 54 N. E. 185, 72 Am. St. Rep. 211; Selden v. Ill. Trust, etc., Bk., 239 Ill. 67, 87 N. E. 860, 130 Am. St. Rep. 180, and note, 189; Matter of Evans, 65 App. Div. 100, 72 N. Y. Supp. 495, affirmed in 171 N. Y. 645, 63 N. E. 1116; Ransome v. Bearden, 50 Tex. 119; Ligon v. Hawkes, 110 Tenn. 514, 75 S. W. 1072; Diffenderffer v. Griffith, 57 Md. 81.

The Illinois statute, providing for the contest of a will by bill in chancery within three years after its probate, gives the right to "any person interested," and is substantially the same as our statute, section 6207. In McDonald v. White, supra, wherein the contest was by bill in chancery, Judge Scholfield said:

"The interest must be a direct pecuniary interest affected by the probate of the will, for

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 149 Ala. 674.

the reference is to an existing interest, and not to an interest which may be subsequently acquired, since, in that event, the language would have been, 'or if any one who shall, within three years, be interested, and appear, * * *' etc. It is impossible, in the very nature of things, that others than parties interested in the will at the time of probate can here be intended. * * * Appellants were not interested in the probate of this will. They were deprived of nothing by it. Their interest was derived by purchase long subsequent to the probate of the will, and is therefore not such as is within the contemplation of the statute. * * * Such a right is not assignable, and cannot therefore be the subject of a conveyance."

And, in the later case of Selden v. Ill. Trust, etc., Bk., supra, after reviewing the cases, the court declared it to be settled law—

"that no action to contest a will can be brought by any one except a person who was interested at the time the will was admitted to probate; [and] that the cause of action is not assignable or the subject of conveyance, and does not pass by inheritance or descent."

We hold that this complainant was never within the class of persons authorized to contest the will under section 6196 of the Code, and therefore he is not entitled to contest it in chancery under section 6207.

It results that the relief sought must be for that reason denied. The decree of the circuit court will be reversed, and one will be here rendered denying relief, and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.