*In re* MILNER'S ESTATE.

SALVATION ARMY *v.* DALDIN.

1. APPEAL AND ERROR—LEAVE TO APPEAL.
   The fact that the Supreme Court has given leave to appeal from an order of the circuit court does not, in itself, constitute recognition of the right of the party asking leave to appeal to make application for leave to appeal.

2. ACTION—PROBATE PROCEEDING AN ACTION IN REM.
   A probate proceeding to admit a will to probate is one *in rem* and not a proceeding *inter partes.*

3. COURTS—PROBATE COURTS—STATUTES.
   Probate courts, being courts of limited statutory jurisdiction, proceedings taken therein, must be in strict compliance with the terms of the statute.

REFERENCES FOR POINTS IN HEADNOTES
[2]  57 Am. Jur., Wills, § 760.
[3]  14 Am. Jur., Courts, § 8; 57 Am. Jur., Wills, § 764.
[4]  2 Am. Jur., Appeal and Error, § 156; 57 Am. Jur., Wills, § 994.
[4]  Who entitled to appeal from decree admitting will to probate or denying probate. 88 A.L.R. 1158.

4. WILLS—SETTLEMENT AGREEMENT OF CONTEST—APPROVAL BY CIRCUIT COURT—RIGHT TO APPEAL—STATUTES.

Where settlement agreement of will contest was approved by circuit court, an organization which had not filed objections to the admission of the will to probate and which failed to enter its appearance in the proceeding in the circuit court, is not a party litigant and is without right to contest the judgment rendered in the circuit court and then appeal (Act No. 288, chap. 2, §§ 45–49, Pub. Acts 1939).

Appeal from Wayne; Toms (Robert M.), J. Submitted January 12, 1949. (Docket No. 29, Calendar No. 44,252.) Decided April 11, 1949.

In the matter of Estate of Earle R. Milner, deceased. Proceedings on objection to allowance of will certified to circuit court. Settlement under Dodge act offered for affirmance. Salvation Army, a Michigan corporation, filed petition for probate of alleged lost, destroyed or suppressed will. Judgment allowing will to probate as modified by settlement. Motion of Salvation Army to stay entry of judgment denied. Salvation Army appeals. Affirmed.

*George E. Brand* (*George E. Brand, Jr.,* of counsel), for appellant.

*Miller, Canfield, Paddock & Stone,* for Detroit Trust Company and Herman J. Daldin, executors-appellees.

*Wilcox, Lacy, Lawson, Kirkby & Hunt,* for Agnes Milner, individually and as guardian of minor children; and Lorrain M. Pieters, contestants.

*Miller & Stern,* for Herman J. Daldin and Detroit Trust Company, proponents.

*Moll, Desenberg & Purdy,* for Jeanne R. Milner and others.

*Walter M. Nelson,* for Earlene M. Herrmann.

Sharpe, C. J.    This is an appeal from an order of the circuit court in a certified will contest proceeding admitting a will to probate as altered by a settlement proceeding.

Testator, Earle R. Milner, died June 23, 1947. Surviving him are a daughter by his first marriage, two children by his second marriage, his widow by a third marriage, one adult daughter and four minor children by the third marriage.

On June 26, 1947, Herman J. Daldin filed in the probate court of Wayne county, Michigan, his petition for probate of an alleged last will and testament of deceased, dated November 1, 1946. On July 9, 1947, the Detroit Trust Company filed a supplemental petition for the probate of said will. Hearing on this petition was set for October 2, 1947, but was continued from time to time to December 2, 1947. On November 26, 1947, objections to the admission of the will were filed by the daughter of deceased's first marriage and on December 2, 1947, objections were also filed by the widow of deceased, individually and as guardian of her minor children and by the adult daughter of the third marriage. On December 5, 1947, the will contests were certified to the circuit court.

On April 6, 1948, the Salvation Army, a Michigan corporation, filed in the probate court its petition alleging that in 1947 Milner executed a valid will in which he expressly revoked all prior wills and devised and bequeathed a large part of his property to the Salvation Army and asking that certain persons be ordered to appear before the court for examination concerning the alleged will.

On April 13, 1948, the Detroit Trust Company, as plaintiff, filed in the Wayne circuit court, in chancery, its bill of complaint under the so-called Dodge act (Act No. 288, chap. 2, §§ 45–49, Pub. Acts 1939* [Comp. Laws Supp. 1940, §§ 16289–2 (45)–16289–2 (49), Stat. Ann. 1943 Rev. §§ 27.3178 (115)–27.3178 (118)]) against the various adult heirs, guardians of the minor heirs, and others entitled to claim under the 1946 will, as defendants, for approval of a settlement agreement. A guardian *ad litem* was appointed to represent unascertained persons who might be beneficiaries of portions of the trust income under the 1946 will. On August 27, 1948, the circuit court, in chancery, entered its decree approving of the agreement. Among other things the agreement provided that the November 1, 1946 will be admitted to probate in the probate court as Milner's last will and testament and his estate be administered, managed and disposed of in accordance with the terms of said will as modified, altered or amended by the agreement and subject to all the terms thereof; and that a certified copy of the agreement be attached to and made a part of said will.

Immediately after entry of the decree approving the agreement, the trial court, sitting as a judge in the will contest proceeding, heard the testimony of one witness to the 1946 will as to its execution and then announced judgment admitting the will to probate, the same to be certified to the probate court as Milner's last will and testament.

On Sepetmber 3, 1948, the Salvation Army filed in the probate court its petition for probate of an alleged lost, destroyed or suppressed last will and testament of Milner, dated on or about April 8, 1947. The petition alleges that the 1947 will expressly revoked all former wills. On the same date the Sal-

---

* 4 Comp. Laws 1948, §§ 702.45–702.48.—REPORTER.

vation Army also filed its special appearance in the circuit court will contest proceeding to stay entry of judgment admitting the 1946 will to probate, to stay certification to the probate court and asked the court to enter an order certifying that the will contest had been abandoned and rendered moot. On the same date the Salvation Army also filed in the probate court a notice of its objection to administering the estate under any order in the will contest cause and notice of its pending petition to probate the 1947 will which revoked the 1946 will.

The Salvation Army's motion filed in the circuit court on September 3, 1948, was heard September 21, 1948. The following is contained in the order denying the motion:

"1. That this court had jurisdiction to enter the judgment by this court herein on August 27, 1948, since said cause had not been rendered moot or abandoned by virtue of the execution of said will contest settlement agreement, or by the confirmation and approval thereof by this court in chancery Cause No. 430,654, and that there existed a good-faith will contest, and further that this cause was properly before this court, having been duly certified to this court as a will contest in accordance with the rules and practice of this court and the statutes of the State of Michigan in such case made and provided;

"2. That the judgment of this court in this cause was in fact entered on August 27, 1948;

"3. That the will contests certified to this court in this cause were not abandoned nor rendered moot by virtue of the execution of said will contest settlement agreement or by the confirmation thereof by this court in chancery Cause No. 430,654, or by any other means;

"4. That the last will and testament of said deceased, dated November 1, 1946, as modified by said will contest settlement agreement, was duly and properly admitted to probate upon the proof of one

witness, in accordance with the statutes of the State of Michigan in such case made and provided."

Following the entry of the above order, the Salvation Army filed a petition in the Supreme Court asking for leave to appeal from said order. We granted leave to appeal. The Salvation Army urges that the will settlement agreement and decree rendered the will contest moot and abandoned.

Of first importance is the consideration of the claim made by the appellees that the Salvation Army is not a proper party entitled to appeal from or stay or modify the judgment of the circuit court admitting the 1946 will to probate for the reason that the Salvation Army is not a party litigant.

It should be noted that while the Supreme Court granted the Salvation Army leave to appeal from the order of the circuit court, this fact, in itself, is not a recognition of the right of the Salvation Army to make an application for leave to appeal. We also have in mind that a probate proceeding to admit a will to probate is one *in rem* and not a proceeding *inter partes*. If the proceeding was one *in personam* the Salvation Army would be without authority to appeal, but the Salvation Army urges that because the proceeding is *in rem* a different rule should govern. It is axiomatic that probate courts, being courts of limited statutory jurisdiction, proceedings taken therein must be in strict compliance with the terms of the statute. *In re Estate of Meredith,* 275 Mich. 278 (104 A. L. R. 348).

Section 24 of chapter 2 of Michigan probate code* (Act No. 288, Pub. Acts 1939 [Stat. Ann. 1943 Rev. § 27.3178(94)]), provides for the procedure for parties to register objections to the admission of a will to probate. In the case at bar, the Salvation Army made no attempt to follow the procedure set out in

---

* 4 Comp. Laws 1948, § 702.24.—REPORTER.

the above statute. A case similar on the facts may be found in *Estate of Thomas,* 74 Cal. App. (2d) 389 (168 Pac. [2d] 773). In that case there was an appeal from an order admitting a will to probate. The appealing parties appeared at the hearing for probate and cross-examined the witnesses as friends of the court, but had not filed written objections to the admission of the will as required by section 370 of the California probate code, which is similar to section 24, chapter 2, of the Michigan probate code, nor had they entered their appearance in the proceeding. From an order admitting the will to probate they attempted to appeal. The district court of appeal, in denying them the right to appeal said:

"They are not entitled to appeal (1) because they are not parties (*Braun* v. *Brown,* 13 Cal. [2d] 130, 133 [87 Pac. (2d) 1009] and (2) because they are not parties to the record. (*Allen* v. *Pugh,* 206 Ala. 10 [89 South. 470]; *Bowe* v. *Pierson,* 206 Ala. 250 [89 South. 711]; *Elliott* v. *Superior Court,* 144 Cal. 501, 508 [77 Pac. 1109, 103 Am. St. Rep. 102]). Although they are bound by the order which resulted from a proceeding *in rem,* they are not parties litigant (*Estate of Allen,* 176 Cal. 632 [169 Pac. 364]; *Estate of Bloom,* 213 Cal. 575, 580 [2 Pac. (2d) 753]; *Estate of Stone* [Cal. App.], 133 Pac. [2d] 483) and cannot appeal merely because they appeared at the hearing and inquired as friends of the court. Since appellants have only such rights as are conferred by statute (*Estate of Baker,* 170 Cal. 578 [150 Pac. 989]; *Estate of Anthony,* 127 Cal. App. 186 [15 Pac. (2d) 531]; *Estate of Whiting,* 110 Cal. App. 399 [294 Pac. 502]), and since no statute authorizes them to appeal, they have no right to do so."

See, also, *Allen* v. *Pugh,* 206 Ala. 10 (89 South. 470).

In our opinion the Salvation Army having failed to file objections to the admission of the 1946 will to

probate and having failed to enter its appearance in the proceeding in the circuit court is not a party litigant and is without right to contest the judgment rendered in the circuit court and then appeal. Its appeal is dismissed, with costs to appellees.

BOYLES, DETHMERS, and CARR, JJ., concurred with SHARPE, C. J.

BUTZEL, J. (*concurring in opinion*). I concur in Mr. Chief Justice SHARPE's opinion. In so doing and in order to avoid any misunderstanding, I believe attention should be called to the decision in the trial court wherein the judge stated:

"The court is of the opinion that this in no wise detracts from the judicial determination at which the court arrived on the 27th of August. At that time no petition for probate of any other will had been made to the probate court and the only evidence before this court as to any other will indicated that the so-called Salvation Army will had been destroyed. It was certainly not incumbent on this court to defer its determination of the issue then before it to await a possible presentation to the probate court at an undetermined future time of a suspected will which, if ever executed, was according to the showing before this court thereafter destroyed. The court therefore feels impelled to deny the motion now before it to either amend or suspend the order of August 27th in the will contest case, but the court nevertheless recognizes the right of the Salvation Army through its counsel, to offer for probate any other will which can be proved, and nothing in this opinion is to be interpreted as limiting or impinging upon that right."

In the final order denying the motion of the Salvation Army to stay entry of judgment or to arrest, recall or stay any judgment theretofore entered by the circuit court and to stay certification to the Wayne

county probate court of the last will and testament of the deceased, dated November 1, 1941, as amended by the compromise and agreement pursuant to the decree of the court in chancery and which order was appealed from. The court specifically stated:

"And, therefore, it is ordered that the motion of the Salvation Army, a Michigan corporation, be and it hereby is denied in its entirety; without prejudice, however to any rights which the Salvation Army, a Michigan corporation, may have to present its petition for probate of an alleged lost, destroyed or concealed will bearing later date than the last will and testament of said deceased date November 1, 1946, in the Wayne county probate court."

The dismissal of the appeal in no way changes this provision of the order.

BUSHNELL, REID, and NORTH, JJ., concurred with BUTZEL, J.