27 N.J. Super. 532 (1953)
99 A.2d 812
IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF AUSBON COLEMAN, DECEASED.
MARY COLEMAN ROBINSON, PROPONENT-APPELLANT,
v.
LUTHER O. COLEMAN, CAVEATOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1953.
Decided October 21, 1953.
*533 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Robert S. Hartgrove argued the cause for proponent-appellant.
Mr. Joseph M. Nolan argued the cause for caveator-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an appeal from an order of the Essex County Court, Probate Division, placing a will *534 contest upon a military list for a period of six months, because caveator is in Korea on military service. The proponent appeals. About a year prior to the order the court first stayed the hearing of the cause because of caveator's military service and appointed an administrator pendente lite.
Motion is made to dismiss the appeal on the ground that the order appealed from is interlocutory and not appealable. This is plainly so. There is no merit at all to the position of the appellant that under R.R. 2:2-3 (a) (3) the court below was without jurisdiction over the subject matter and that under R.R. 2:2-3 (a) (4), a delay in the hearing of the cause visits upon the estate an irreparable injury. Here, there is an administrator pendente lite who has been acting for the estate for over a year. Under the circumstances a delay in the trial is not irreparable. The appeal will therefore have to be dismissed.
However, the appeal was fully briefed and argued, and it may not be amiss to consider the matters urged upon us by appellant. Under the Soldiers and Sailors Civil Relief Act, 54 Stat. 1181, 50 U.S.C.A. Appendix, § 521, and R.R. 1:31-2, the trial court is invested with a judicial discretion as to whether a case should be placed upon the military list. We find no ground for saying, as asserted by proponent, that the court abused that discretion  that is, as stated in State v. Shiren, 9 N.J. 445 (1952), that there has been a manifest denial of justice.
Indeed it would appear that the "ability" of the caveator "to conduct his defense" quite probably would be "materially affected by reason of his military service." See the statute cited. Certainty cannot be called for in such a matter. See Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223 (1943); Fluhr v. Fluhr, 140 N.J. Eq. 131 (E. & A. 1947); In re Cool's Estate, 19 N.J. Misc. 236 (Orph. Ct. 1941).
Caveator is in default for failure to file an answer as required by R.R. 4:85-4. However, here is a case involving four wills made by a testator in less than two years, the first three treating caveator more favorably than the last. By *535 the third will, the testator divides his estate about equally between proponent and caveator. By the fourth will, made three or six months later  the caveator was then in service  proponent is given about two-thirds of the estate and caveator only one-third. In such a case the caveator's intimate knowledge of the relationship between the testator and the newly favored beneficiary, his knowledge of the testator's circumstances and mental condition and of the persons who constituted the close friends of the testator, may be matters of great importance. The last time the caveator was at the testator's home was four months prior to the execution of the fourth will, but that was recent enough in these circumstances.
The statute cited was so designed as to afford a party an opportunity not only to testify in the cause, but  in a case such as this, where he undoubtedly is the only one well qualified to do so  to conduct a personal investigation of the matter. We certainly will not, on an appeal charging abuse of discretion, enter upon nice calculations as to the extent to which the caveator's absence in military service would be of prejudice to his case.
It is true that the facts upon which we rely came out on the motion to dismiss the appeal and were apparently not before the trial court at the time the case was put upon the military list. But since the appeal is dismissible and those facts are now before the court and undenied, we certainly will not reverse.
It is urged on proponent's behalf that the caveator in this case is not a "person in interest" within the purview of R.R. 5:3-3 (b), and hence that the court committed error when it put the case on the military list.
As under the former practice, no one may interpose a caveat unless he would be injured by the probate of the will propounded. In re Van Doren's Estate, 119 N.J. Eq. 80 (Prerog. 1935); In re Myers' Estate, 69 N.J. Eq. 793 (E. & A. 1905); Middleditch v. Williams, 47 N.J. Eq. 585 (E. & A. 1890). In many statutes it is stated that no one may be a contestant in a probate action unless he is a *536 "person in interest," and quite universally these statutes are construed so as to require that the contestant be one who would be aggrieved by the probate. Stephens v. Richardson, 189 Ala. 360, 66 So. 497 (Sup. Ct. 1914); In re Biehn's Estate, 41 Ariz. 403, 18 P.2d 1112 (Sup. Ct. 1933); In re Land's Estate, 166 Cal. 538, 137 P. 246 (Sup. Ct. 1913); Conner v. Brown, 9 W.W. Harr 529, 39 Del. 529, 3 A.2d 64 (Super. Ct. 1938); Cassem v. Prindle, 258 Ill. 11, 101 N.E. 241 (Sup. Ct. 1913); Gruender v. Frank, 267 Mo. 713, 186 S.W. 1004 (Sup. Ct. 1916); In re Thompson's Will, 178 N.C. 540, 101 S.E. 107 (Sup. Ct. 1919); Kennedy v. Walcutt, 118 Ohio St. 442, 161 N.E. 336 (Sup. Ct. 1928); In re Carlson's Estate, 153 Or. 327, 56 P.2d 347 (Sup. Ct. 1936); In re Knecht's Estate, 341 Pa. 292, 19 A.2d 111 (Sup. Ct. 1941); Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, 21 S.W.2d 296 (Com. App. 1929).
However, the ground of proponent's attack on caveator's standing, as it came out on the oral argument, is that when the third will (this was the will caveator apparently claims to be the last valid will) was revoked, the testator was of sound mind and was acting of his own volition. A question such as this, should not be considered while the case is on the military list. We therefore need not decide a question that has not been raised here, namely, whether in this cause dealing with the fourth will, the court should take cognizance of an issue as to the validity of the revocation of the third will. Cf. In re Lent, 142 N.J. Eq. 21 (E. & A. 1948).
Appeal dismissed.