In the matter of ELLA M. LENT, deceased.

[Argued February 6th, 1948.   Decided May 13th, 1948.]

*Messrs. Brogan, Hague & Malone, Louise Ruth Shapiro* and *Mr. William V. Azzoli,* for the appellants.

*Messrs. Joyce & Brown,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

This is an appeal from a decree of the Prerogative Court dismissing appellants' appeal from a decree of the Essex County Orphans Court on the ground that they had no right to appeal because they were not persons aggrieved by the decree appealed from.

The appellants are the next of kin of Ella M. Lent who died on August 13th, 1946, at the age of 87. There was offered for probate a will executed one month before her death by which she divided her estate in three parts, two

parts going to charitable institutions and the third to Mary McNulty, the respondent, who was named executrix. Mary McNulty was not related to testatrix. Appellants filed a caveat and the matter was referred to a master who took testimony on the issues of undue influence and testamentary capacity. He reached the conclusion that appellants had not made out their case and that the will should be admitted to probate. Apparently the standing of the appellants to file the caveat and attack the will was not raised in the Orphans Court.

There was found among the effects of the testatrix and introduced in evidence a prior will, dated March 10th, 1927, by the terms of which the entire estate of the testatrix was given to various charities. The Vice-Ordinary concluded that, if the will of 1946 were declared invalid, the will of 1927 would be effective and, since appellants took nothing by the 1927 will, they had no standing to attack the 1946 will as they would not benefit by a decree invalidating that will. Upon intimation that the 1927 will might also be the subject of attack, the suggestion was made that appellants be given an opportunity of presenting evidence on that subject. Appellants indicated they desired to do so but upon the day fixed they presented no proofs. Thereupon their appeal was dismissed.

The question for determination upon this appeal is whether or not the appellants are parties aggrieved so as to give them the right to challenge the will and appeal from an adverse determination. In *Eugster* v. *Eugster, 89 N. J. Eq. 531,* a party aggrieved was defined as "one whose personal or pecuniary interests, or property rights, have been injuriously affected by the order or decree." And in *Swackhamer* v. *Kline's Admr., 25 N. J. Eq. 503,* as one "whose pecuniary interest is directly affected thereby, or whose right of property *may* be established or divested thereby."

It seems clear that in a case of this kind, involving the validity of a will, the next of kin, those who would take an interest in the event of intestacy, do have a standing to attack any and all wills of a decedent. They may have a valid ground of attack upon the 1927 will, but they are in no posi-

tion to attack that instrument unless and until it is offered for probate. With a decree of the Orphans Court sustaining the 1946 will in effect, the 1927 instrument will most certainly not be offered for probate. The 1927 will could not have been attacked in this proceeding, as has been suggested, because, besides not having been offered for probate, the parties in interest, the beneficiaries and the executor, are not in court and could not be bound by a decree against their interests in a proceeding to which they were not parties. Therefore, it would seem that the only course which the appellants could pursue was to make their attack upon the will offered and if successful then make a further attack upon the earlier will when it was offered, as it would have to be.

The rule applied by the court below if carried to an extreme case would certainly work an injustice. Suppose, for instance, an insane man made a series of wills cutting off his family and benefitting strangers, even unscrupulous fortune seekers, could it be that upon the last of these wills being offered for probate, the man's immediate family, perhaps his minor children, would have no standing to attack it because of the existence of earlier wills under which they were not beneficiaries? No such rule of law applies and appellants were entitled to file a caveat and to appeal from the adverse decree.

The meritorious questions are argued to some extent but need not be considered now. The decree is reversed and the case remanded in order that the Prerogative Court may pass on the merits of the appeal.

This conclusion results in the denial of the motion heretofore made to dismiss the appeal to this court upon the ground that appellants had no right to appeal from the decree of the Prerogative Court.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 12.