**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3772-23

IN THE MATTER OF THE
ESTATE OF CHARLES
FREDERICK REINERT, deceased.

_____

Argued September 8, 2025 – Decided October 9, 2025

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. CP-0054-24.

Kenneth E. Raynor argued the case for appellant Christopher Harz (Simeone & Raynor, LLC, attorneys; Kenneth E. Raynor and Stefanio G. Troia, on the briefs).

Anthony R. La Ratta argued the cause for respondent Brian F. Hughes, Executor of the Estate of Charles Frederick Reinert (Archer & Greiner, PC, attorneys; Anthony R. La Ratta, on the brief).

Cozen O'Connor, PC, attorneys for respondents Leslie Cerf, Nan Rushton, David Rushton, Mark Rushton, Christopher Rushton, Daniel Rushton and Frances Surowicz, join in the brief of respondent Brian F.

Hughes, Executor of the Estate of Charles Frederick Reinert, deceased.[1]

PER CURIAM

This appeal concerns the Probate Part's dismissal of a caveat in an estate dispute, the denial of appellant Chrisopher Harz's request for leave to file a crossclaim and counterclaim, and the denial of appellant's motion for attorney's fees and sanctions.[2] We affirm.

Because the parties are well familiar with the facts and procedural history, we present them here succinctly. In April 2023, Charles Frederick Reinert ("decedent" or "Charles"), now deceased,[3] executed his Last Will and Testament, appointing respondent Brian F. Hughes as executor of his estate. The will assigned Hughes as the beneficiary of 30% of the estate, with the other 70% of the estate to be divided equally between Leslie Cerf, Nan Rushton, David

---

[1] The Rushton respondents also relied on the oral argument of Hughes's counsel.

[2] The complaint and answer submitted to the trial court, as well as the trial court's opinion and order, refer to appellant Harz as "respondent" and refer to respondent Hughes as "petitioner."

[3] Because several of the parties and family members share surnames, we use first names at times in this opinion for sake of clarity. No disrespect is intended.

A-3772-23

Rushton, Mark Rushton, Christopher Rushton, Daniel Rushton, and Frances Surowicz (collectively the "Rushton respondents").

During Charles's lifetime, he was married twice. His first wife, Jean D. McMaster Reinert, predeceased him in 2017 after sixty years of marriage. They had no children together. When Charles married his second wife, Frances E. Rushton Reinert, in 2018, Frances already had six adult children and one grandchild (her other adult child had passed away). Respondent Hughes was a neighbor to Charles and his second wife.[4]

Frances Rushton predeceased Charles in 2019. After her passing, the Rushtons, primarily Nan Rushton (with some assistance from Leslie Cerf), began providing care and assistance to Charles, including driving him and managing his voicemail. The Rushtons moved Charles to an assisted living facility in or around November 2022.

Charles passed away in September 2023 at the age of ninety-four. He had no biological children. Upon his death, litigation ensued over the administration of decedent's estate. Initially, decedent's stepdaughter Cerf filed a caveat, but she thereafter withdrew it. Decedent's nephew, appellant Christopher Harz, who

---

[4] Hughes was described by counsel at the appellate oral argument as a financial planner.

A-3772-23

had not been mentioned in any of decedent's previous six successive wills, then filed a caveat soon after. Harz primarily alleged that at the time of executing the 2023 will, decedent lacked testamentary capacity and was unduly influenced by Hughes and the Rushton respondents. Harz also filed a motion for leave to file a counterclaim to compel discovery and a crossclaim seeking contribution from Cerf.

The dispute was heard at a summary action proceeding in the trial court on May 21, 2024. In an oral opinion issued that day, the court found no genuine issue of material fact concerning appellant's claims. Among other things, the court considered an April 7, 2023 letter from decedent's long-time physician, which asserted after a neurological examination that decedent had been "medically, physically, and mentally able to proceed with any legal issues" and was further "able to understand all the ramifications of adjusting his will." The court also considered several certifications filed by family members. Based on the submissions, the court discerned no genuine issues of undue influence by either Hughes or the Rushton defendants, nor any genuine issues of lack of capacity, fraud, mistake, or coercion.

4

The court accordingly dismissed the caveat, admitted the 2023 will into probate, appointed Hughes as the executor of the estate, and denied Harz's counterclaim and crossclaim motions.

Harz then moved for an allowance of attorney's fees to be paid out of the estate. The court denied his fee application in an order dated July 10, 2024. The court found that although Harz acted in good faith, he did not have reasonable cause for contesting the validity of the will.

This appeal by Harz followed. He essentially raises four main issues on appeal, which we have reorganized from his brief. First, he argues the trial court improperly granted the order to show cause through a summary proceeding and that there exists genuine issues of material fact. Second, he argues the trial court improperly took into consideration the decedent's previous wills. Third, he argues the trial court erred in denying his request for leave to file a counterclaim and crossclaim. Fourth, he argues the court should have permitted his recovery of attorney's fees to be paid from the estate based on alleged reasonable cause for filing the caveat.

Our scope of review of the issues is guided by well settled case law. Appellate review of a summary action conducted pursuant to Rule 4:67 is assessed under the "substantial credible evidence" standard generally typical of

civil cases.  See O'Connell v. N.J. Mfrs. Ins. Co., 306 N.J. Super. 166, 172-73 (App. Div. 1997); see also Rova Farms Resort, Inc., v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974) ("Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence").  That said, a trial judge's "interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are subject to de novo review.  Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)); see also Matter of Est. of Jones, 477 N.J. Super. 203, 216 (App. Div. 2023).

With respect to the fee issue, we recognize that "the allowance of counsel fees in a will contest under R. 4:42-9(a)(3), is discretionary."  In re Reisdorf,  80 N.J. 319, 327 (1979).  Such a determination "will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion."  Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Applying these appellate review standards and relevant principles of law in light of the record, we affirm the trial court's rulings.  We do so substantially for the sound reasons set forth by Judge James Bucci in his oral opinion at the end of the May 21, 2024 summary proceeding, and his subsequent oral opinion

on July 10, 2024 after argument on the fees issue. We only add a few amplifying comments.

First, the trial court properly adjudicated this action in a summary manner pursuant to the express authority supplied by Rule 4:67-1(a) and Rule 4:83-1. A plenary hearing was not required. On the merits, appellant failed to provide a viable factual basis for his claims and wrongly alleged that the speculative questions he posited should be considered as factual disputes.

Specifically, appellant argues that there are disputed material facts regarding: (1) whether decedent can be considered a "long-time resident of Haddonfield"; (2) whether the 2023 will, or any of the other Wills, are authentic; (3) if there exist other Wills that were executed and, if so, then when; (4) whether the letter from the physician is authentic; (5) whether Hughes served as decedent's power of attorney; (6) the alleged close relationship between Harz and decedent; (7) whether Harz attempted to call decedent during his last few years of life; and (8) whether Cerf ever told appellant that decedent had stopped eating or was not taking his medications.

Harz also insinuates that Hughes, a neighbor unrelated to decedent, may have had a confidential relationship with decedent that somehow enabled Hughes to exert undue influence over him to become the largest single

beneficiary under decedent's most recently executed will.

The trial judge reasonably regarded these alleged issues of fact as unsubstantiated and speculative. Plenary hearings are required only when there are "contested issues of material fact on the basis of conflicting affidavits." Conforti v. Guliadis, 128 N.J. 318, 322-23 (1992). "[S]elf-serving assertions unsupported by evidence are insufficient to create a genuine issue of material fact." Bove v. AkPharma Inc., 460 N.J. Super. 123, 138 (App. Div. 2019) (internal quotation marks omitted). "Competent opposition requires competent evidential material beyond mere speculation and fanciful arguments." Ibid. (internal quotation marks omitted). "'[S]peculation' and 'suspicion' cannot support a cause of action." Mandel v. UBS/PaineWebber, Inc., 373 N.J. Super. 55, 79 (App. Div. 2004).

The court applied these principles appropriately here. As to Harz's speculation regarding the nature of Hughes's relationship with decedent more specifically, the court noted that there was no proof that Hughes "did anything wrong" or "was able to place any pressure or trick or do anything with respect to the decedent."

Second, we reject appellant's argument that the trial court impermissibly "based" its decision on the other six wills that preceded the 2023 will. The court

merely acknowledged the existence of those previous wills in analyzing whether, if Harz hypothetically were successful in nullifying the 2023 will, he would have inherited under the laws of intestacy. The previous wills did not have to be lodged with the surrogate, as such action is discretionary. N.J.S.A. 3B:3-2.1(a). The court permissibly considered "from a practical standpoint" the fact that other wills existed (none of which so happened to name Harz as a beneficiary) and would ultimately need to be contested in order for him to inherit, as the estate would not automatically fall into intestacy. Appellant misinterprets the limited nature of the court's acknowledgment.

We are unpersuaded by appellant's claim that the court and the executor were obligated to give notice of the Probate Part proceedings to other persons (such as an individual named "Edward Arnett") who had been named as beneficiaries under those previous wills. Upon the filing of a caveat, Rule 4:80-6 requires only that notice be given to intestate heirs and to the beneficiaries under the instrument that is being offered for probate. Appellant's reliance upon In re Lent, 142 N.J. Eq. 21 (E. & A. 1948) is unavailing because that case—which chiefly concerned questions of standing—did not impose a general duty to notify the beneficiaries and executors of previous wills. In addition, the legal

A-3772-23

authorities cited in appellant's supplemental post-argument letter brief, which was filed at our invitation, fail to support his failure-of-notice argument.

Third, the trial court manifestly did not err in denying Harz's motion for leave to file a counterclaim and crossclaim. Rule 4:67-4(a) prescribes that in summary proceedings "[n]o counterclaim or crossclaim shall be asserted without leave of court." The granting or denial of such leave, in light of entire controversy principles, rests within the trial court's discretion. Mystic Isle Dev. Corp. v. Perskie & Nehmad, 142 N.J. 310, 322 (1995). We detect no abuse of that discretion here. The court reasonably declined to expand and prolong the case and consume resources on Harz's speculative claims.

Fourth and finally, we are satisfied that the court reasonably declined to award counsel fees and costs to Harz. The court's finding of Harz's good faith fulfills only one aspect of his request for a fee allowance under the applicable law. He must also show "reasonable cause" for his caveat. In re Prob. Will and Codicil of Macool, 416 N.J. Super. 298, 313 (App. Div. 2010). For the reasons we have already recited, the court had ample grounds to deem Harz's contentions too speculative to be viable. The finding of lack of reasonable cause was justified. Indeed, the court was fair and measured in denying respondents' request for sanctions payable by Harz.

To the extent appellant has raised other points, we conclude they lack sufficient merit to warrant discussion here.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3772-23